■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLINTON SMITH, Appellant.—Judgment, Supreme Court, New York County (James J. Leff, J.), rendered September 15, 1986, convicting defendant of grand larceny in the third degree upon a jury verdict and sentencing him to an indeterminate term of 2 to 4 years, unanimously reversed, on the law, and the matter is remanded for a new trial.

As the People with commendable candor concede, defendant is entitled to a new trial on the ground that a "work sheet" summarizing pretrial statements made to the District Attorney's office by the police officer witnesses, which the prose-

cutor declined to furnish to the defense upon the latter's timely application therefor, was clearly discoverable *(People v Consolazio,* 40 NY2d 446, *cert denied* 433 US 914; *People v Cavallerio,* 71 AD2d 338).

Reversal of this conviction, rather than merely holding this appeal in abeyance, is mandated because the record in question is missing and cannot be found by the People after diligent search. It is therefore impossible for a trial court, on remand, to review the work sheet in camera to determine whether its contents were the " 'duplicative equivalent' " *(People v Ranghelle,* 69 NY2d 56, 63) of whatever other material was turned over to the defense, a circumstance which would abate the duty to disclose (CPL 240.45 [1] [a]). The trial court erred when it held that these statements were exempt from disclosure as attorney's work product under CPL 240.10 (2). Under these circumstances, there must be a new trial.

We have examined the other points of alleged error raised by defendant and find them to be without merit. Concur—Murphy, P. J., Sullivan, Ross, Rosenberger and Wallach, JJ.