■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE PRINGLE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hellenbrand, J.), rendered December 4, 1987, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the matter is remitted to the Supreme Court, Kings County, for a de novo suppression hearing, and the appeal is held in abeyance in the interim. The Supreme Court is to file its report with all convenient speed.

Before the Mapp hearing commenced, counsel for the defendant made a request for Rosario material. At the Mapp hearing, the sole witness for the People was the arresting police officer who testified that he observed "a gun sticking from [the defendant's] waistband". However, in the "District Attorney Data Analysis Form" used by an Assistant District Attorney to question the arresting police officer, the entry is devoid of any observance by the officer of a gun in the defendant's waistband and, instead, states that the officer "observes defendant motioning as if he is tucking something in waistband".

The People concede that the failure to turn over its data analysis sheet is a violation of the Rosario rule and requires that a new hearing be held (see, People v Wright, 135 AD2d 594). We find that the defendant was denied the use of this document to impeach the officer on this crucial evidence leading to his arrest, and a de novo Mapp hearing is required (see, CPL 240.44; People v Ranghelle, 69 NY2d 56; People v Malinsky, 15 NY2d 86; People v Rosario, 9 NY2d 286, cert denied 368 US 866). Mollen, P. J., Thompson, Kunzeman and Spatt, JJ., concur.