■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT NELU, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Gallagher, J.), rendered June 10, 1988, convicting him of burglary in the second degree and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and a new trial is ordered. No questions of fact have been raised or considered.

We agree with the defendant that the People's failure to turn over their "Data Analysis Form" constitutes a violation of the *Rosario* rule and requires that a new trial be held *(see, People v Rosario,* 9 NY2d 286, *cert denied* 368 US 866; *People v Pringle,* 154 AD2d 410). Contrary to the People's contentions, this worksheet does not fall under the work product exemption *(see, People v Smith,* 150 AD2d 275; CPL 240.10 [2]) and its "duplicative equivalent" was not otherwise supplied to the defense *(see, People v Ranghelle,* 69 NY2d 56; *People v Consolazio,* 40 NY2d 446; *People v Ray,* 140 AD2d 380). Upon review of the worksheet, we find that it does not merely set forth the factual details of the crime but also attributes several statements to the People's witnesses *(see, People v Smith, supra; People v Wright,* 135 AD2d 594; *cf., People v Adger,* 144 AD2d 475; *People v Mills,* 142 AD2d 653).

We note that upon remittitur, the People shall be precluded from using the defendant's notice of alibi to impeach him or his alibi witness, as the prosecutor did at the first trial. The notice does not contain any prior statements of the defendant or his alibi witness, and is merely a document prepared by the defense attorney pursuant to statute *(see,* CPL 250.20; *People v Carroll,* 117 AD2d 815; *People v Tramontano,* 65 AD2d 762). Furthermore, the prosecutor's cross-examination of the defendant as to the alibi information he conveyed to his counsel constituted a violation of the defendant's attorney-client privilege *(see, People v Wilkins,* 65 NY2d 172; *People v Glenn,* 52 NY2d 880). We also note with disapproval those remarks made by the prosecutor in her summation which concerned the notice of alibi.

Furthermore, we find error in the exclusion by the court of evidence concerning the defendant's alleged past relationship with the complaining witness. The ruling denied the defendant his right to present proof of the complaining witness's motivation to fabricate the charges she made against him *(see,*

*People v Hudy,* 73 NY2d 40; Richardson, Evidence § 503 [Prince 10th ed]).

In view of our determination, we do not pass upon the defendant's remaining contentions. Mollen, P. J., Mangano, Kunzeman and Kooper, JJ., concur.