■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT LAWRENCE, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (King, J.), rendered June 25, 1986, convicting him of sexual abuse in the first degree and criminal trespass in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No questions of fact have been raised or considered.

At the outset, we note that the trial court did not commit error by fixing a time limit on the attorneys during the voir dire. A 15-minute time limit on each attorney has been upheld by the Court of Appeals in *People v Jean* (75 NY2d 744), and we find it to have been properly imposed here *(see also, People v Garrow,* 151 AD2d 877). There must, however, be a reversal. The defendant argues that the court committed reversible error in failing to excuse a juror who expressed sympathy towards and prejudice in favor of the nine-year-old complainant during the voir dire. We agree.

During the voir dire, the following exchange occurred:

"A JUROR: I would sympathize with the child. I feel I would have difficulty with a child if a child were on the stand. I would tend to be toward the child.

"MS DOWNEY [Assistant District Attorney]: If the Judge were to instruct you that you had to judge the credibility of a witness and he will instruct you what that means, would you be able to judge the credibility of other witnesses? Excluding the child, would you be able to judge the credibility of other witnesses?

"A JUROR: I have grandchildren. It might be too difficult to decide. It would be very difficult.

"MS DOWNEY: Simply because they were a child, you feel you automatically have to believe them?

"A JUROR: No, it's not that. I would be sympathetic toward them. It would be difficult for me to make a judgment because of the child's presence.

"THE COURT: Let me try to get you out of this. Everybody

realizes a child is not going to act on the witness stand as an adult and you're going to take that into consideration, that it's a child and may not hold up as well as somebody more mature. Is that what you are saying?

"A JUROR: In former years it wasn't permitted to be on the stand, a child. It's very difficult with a child.

"THE COURT: Bearing in mind that I am going to rule on the child's competence, before the time the child became a witness, would you be able to evaluate that child as anyone else?

"A JUROR: I don't think it would be comparable. It's very difficult, the whole thing. I will try."

The defendant's challenge for cause was denied necessitating defense counsel to exhaust one of his peremptory challenges to have this juror excused. The defense counsel exercised all of his peremptory challenges before the selection of the jury was completed. In our view, the court's failure to excuse this juror constituted reversible error. A juror may be challenged for cause unless he declares an oath and satisfies the court that his state of mind will not preclude him from rendering an impartial verdict based solely upon the evidence (see, CPL 270.20 [1] [b]; [2]; *People v Blyden,* 55 NY2d 73; *People v Branch,* 46 NY2d 645). In the instant case, this juror clearly expressed her partiality to children. Her equivocal statement that she would "try" to render an impartial verdict was insufficient to rehabilitate her. Because the defense counsel had exhausted his peremptory challenges prior to the conclusion of the jury selection, this error may not be deemed harmless (see, *People v Torpey,* 63 NY2d 361; *People v Moorer,* 77 AD2d 575).

In view of our determination, we do not pass upon the defendant's remaining contentions. Thompson, J. P., Rubin, Rosenblatt and Miller, JJ., concur.