■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALLAN GREEN, Also Known as PETER BLAKE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Rienzi, J.), rendered June 27, 1988, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the admission into evidence of uncharged drug sales, which occurred contemporaneously with his commission of the indicted offenses, denied him a fair trial. We disagree.

It is well settled that evidence of uncharged crimes is generally admissible on the issue of a defendant's intent (see, People v Molineux, 168 NY 264, 293; see also, People v Schwartzman, 24 NY2d 241, 247-248, cert denied 396 US 846). Here, the evidence of uncharged drug sales was highly relevant to the issue of whether the defendant intended to sell the additional vials of cocaine which he possessed at the time of his arrest, and, therefore, was admissible with respect to the charge of criminal possession of a controlled substance in the

third degree *(see, People v Alvino,* 71 NY2d 233; *People v Wheeler,* 140 AD2d 731; *People v Bristow,* 106 AD2d 510). We note in this regard that the prosecution did not offer the uncharged crimes evidence as proof of the defendant's propensity to commit the charged offense of criminal sale of a controlled substance in the third degree, and the court's limiting instructions obviated any potential prejudice to the defendant by ensuring that the jury did not employ the challenged evidence for this improper purpose. Additionally, the uncharged crimes evidence served to complete the witness's narrative of the events leading up to the defendant's commission of the charged offenses *(see, People v Ventimiglia,* 52 NY2d 350, 361; *People v Tabora,* 139 AD2d 540, 541). Brown, J. P., Sullivan, Rosenblatt and Ritter, JJ., concur.