■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD MENTZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered December 5, 1988, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. The facts have been considered and determined to have been established.

The defendant argues that the court committed reversible error in failing to excuse a juror who expressed prejudice against drug users and sellers during voir dire. We agree.

During the voir dire, the prospective juror stated "I don't like dope pushers or people who use dope". Although he stated that he would try to render an impartial verdict, this was insufficient to rehabilitate him, especially in light of his statement that he might hold the defendant's past involvement with drugs against him even if the People did not prove him guilty (see, People v Lawrence, 159 AD2d 518, 519). These remarks indicated that he had a state of mind likely to preclude him from rendering an impartial verdict based upon the evidence adduced at trial (CPL 270.20 [1] [b]; see, People v Torpey, 63 NY2d 361; People v Lawrence, supra).

The defendant's challenge for cause was denied, necessitating defense counsel to use one of his peremptory challenges to have this juror excused. Because defense counsel exhausted all of his peremptory challenges before the selection of the jury was completed, this error may not be deemed harmless (see, People v Torpey, supra; People v Lawrence, supra).

We find that the People disproved the defendant's agency defense beyond a reasonable doubt. We do not pass upon the defendant's remaining contentions in light of our reversal and ordering of a new trial. Thompson, J. P., Lawrence, Harwood and Balletta, JJ., concur.