■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONNELL MADDOX, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Groh, J.), rendered March 10, 1989, convicting him of criminal sale of a controlled substance in the third degree, and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No questions of fact have been raised or considered.

The defendant argues that the court committed reversible error in failing to excuse a juror who stated that he would not be able to render a fair verdict. We agree.

During the voir dire, the prospective juror stated that he served in Vietnam and saw his friends and comrades "destroyed with drugs". Although he stated that he would try to render an impartial verdict, this was insufficient to rehabilitate him, especially in light of his repeated assertions that he was not sure if he could be impartial *(see, People v Mentz,* 170 AD2d 541; *People v Lawrence,* 159 AD2d 518, 519). These remarks by the juror indicated that he had a state of mind "likely to preclude him from rendering an impartial verdict based upon the evidence adduced at the trial" (CPL 270.20 [1] [b]; *see, People v Torpey,* 63 NY2d 361).

The defendant's challenge for cause was denied, necessitating that defense counsel use one of his peremptory challenges to have this juror excused. Because defense counsel exhausted all of his peremptory challenges before the selection of the jury was completed, this error may not be deemed harmless *(see, People v Torpey, supra; People v Mentz, supra).*

Furthermore, while the record supports the hearing court's finding of probable cause to arrest the defendant, the prosecutor waited until the end of the pretrial hearing before providing the defendant with the Grand Jury testimony of the sole prosecution witness at the hearing. Since the court re-

fused to reopen the hearing, a de novo suppression hearing must be held (see, CPL 240.44; People v Ranghelle, 69 NY2d 56; People v Pringle, 154 AD2d 410; People v Wright, 135 AD2d 594).

In light of our determination we need not reach the remaining issues raised on appeal. Thompson, J. P., Kunzeman, Sullivan and Harwood, JJ., concur.