■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL FOY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Fertig, J.), rendered June 14, 1989, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

At approximately 7:50 P.M. on October 18, 1988, the police observed a man approach and apparently purchase drugs from Joseph Garcia, who was standing in front of an abandoned storefront in an area which had been the site of much criminal activity. About 30 minutes later, Garcia was seen holding dollar bills and walking towards a Monte Carlo automobile which had been parked in the vicinity since before Garcia's sale. Garcia extended his right hand with the money into the driver's window, and then withdrew it 10 seconds later holding a paper bag. Thereafter, Garcia placed the paper bag inside a nearby door. Subsequently, the police arrested Garcia and removed the defendant from the Monte Carlo. While removing the defendant, who was the only person seen entering or exiting the car since the first sale, the police saw paper bags on the console which contained 75 vials of crack cocaine. Similar vials of crack cocaine were found in the bag which Garcia had placed inside the door. Over $400 was found in the defendant's pocket. The defendant now claims that he was denied a fair trial when the court admitted testimony regarding the first sale. We disagree.

Although there was no proof that the defendant directly participated in the first sale, such evidence was "inextricably

interwoven with the entire transaction and served to complete the narrative of the episode" *(People v Bowden,* 157 AD2d 789, 790; *see also, People v Seaberry,* 138 AD2d 422). In addition, the evidence of the first sale helped establish that the defendant possessed the drugs found in his vehicle with the intent to sell *(see, People v Parsons,* 150 AD2d 614; *People v Wheeler,* 140 AD2d 731; *cf., People v Guzman,* 146 AD2d 799). In light of the court's limiting instruction, the probative value of the evidence outweighed any prejudicial effect. Sullivan, J. P., Lawrence, O'Brien and Ritter, JJ., concur.