THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID WILLIAMS, Appellant. [602 NYS2d 912] —Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Rosato, J.), rendered September 9, 1991, convicting him of aggravated unlicensed operation of a motor vehicle in the first degree, driving while ability impaired, and operating an unregistered motor vehicle, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No questions of fact have been raised or considered.

The trial court erred in refusing to dismiss a prospective juror for cause when that juror did not unequivocally state that she would not be influenced by a prior incident and would render an impartial verdict (see, People v Blyden, 55 NY2d 73; People v Lawrence, 159 AD2d 518). Since the defense counsel then exercised a peremptory challenge against that prospective juror, and eventually exhausted his allotment of peremptory challenges, the defendant's conviction must be reversed (see, CPL 270.20 [2]; People v Mentz, 170 AD2d 541).

We further find that the court's charge concerning the defendant's status as an "interested witness" was improper. The record reveals that the court's instruction was similar to the charge that was found to be improper in People v Martinez (186 AD2d 153).

Moreover, pursuant to People v Cooper (78 NY2d 476), the People should have charged in the Special Information not only the defendant's prior conviction for driving while intoxicated, but also the conviction-related facts, i.e., the revocation of the defendant's license and the defendant's knowledge of

the conviction and revocation. Balletta, J. P., Rosenblatt, Miller and Pizzuto, JJ., concur.