■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES WILLIAMS, Appellant. [602 NYS2d 910] —Appeal by the defendant from a judgment of the County Court, Nassau County (Winick, J.), rendered April 19, 1991, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant engaged in two separate drug transactions with an undercover police officer. A second police officer videotaped the second transaction. During the second transaction, the defendant engaged in another drug transaction with a bicyclist, for which he had not been charged. The videotape captured the transaction with the bicyclist and both police officers testified that they witnessed this transaction. The prosecutor referred to the transaction with the bicyclist in her opening, and again in her summation, when she used the bicyclist's transaction to refute the defendant's agency defense. The defendant now claims that the admission of the uncharged transaction with the bicyclist constituted reversible error.

We note that the defendant's contentions are unpreserved for appellate review (see, People v Nuccie, 57 NY2d 818; People v Cody, 149 AD2d 722; People v Udzinski, 146 AD2d 245; People v Mayo, 136 AD2d 748). In any event, the transaction with the bicyclist was inextricably interwoven with the crime charged, and was also necessary to complete the narrative of both police officers' testimony (see, People v Vails, 43 NY2d 364; People v Leach, 196 AD2d 508; People v Foy, 176 AD2d 893; People v Henry, 166 AD2d 720). Moreover, the probative value of this evidence was greater than any possible prejudice, as this evidence, although presented during the People's direct case, would have been admissible to rebut the agency defense which was asserted by the defendant (see, People v Randall, 177 AD2d 661; People v Gonzalez, 175 AD2d 179). Similarly, we find that the prosecutor's summation comments constituted a fair comment on the defendant's agency defense (see, People v Ashwal, 39 NY2d 105). Nor do we find that the prosecutor's opening remarks constituted error (see, People v Kurtz, 51 NY2d 380, cert denied 451 US 911; People v Tzatzimakis, 150 AD2d 512).

While the prosecutor should have obtained a ruling from

the trial court regarding the admissibility of the uncharged drug transaction before this evidence was introduced into the case *(see, People v Ventimiglia,* 52 NY2d 350), the error was harmless as this evidence was admissible in any event, and because the evidence of the defendant's guilt was overwhelming *(see, People v Crimmins,* 36 NY2d 230; *People v Rios,* 183 AD2d 734). Balletta, J. P., Rosenblatt, Miller and Pizzuto, JJ., concur.