■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND CAMPBELL, Appellant. [614 NYS2d 170] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Fisher, J.), rendered September 9, 1992, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the closure of the courtroom during the undercover officer's testimony was proper. During a Hinton hearing (see, People v Hinton, 31 NY2d 71, cert denied 410 US 911) the officer testified that she was actively engaged in undercover work in Queens County, and was scheduled to testify in a number of pending cases before the Grand Jury, Criminal Court, and Supreme Court. The undercover officer also expressed concern for her safety should the suspects against whom she was scheduled to testify, who are still at liberty, learn of her identity as an undercover officer. Furthermore, the "buy and bust" operation which resulted in the apprehension of the defendant was

conducted near the courthouse, thereby posing the threat that the officer might easily be observed by the defendant's associates in the courtroom. Under these circumstances, we find that the factual showing was sufficient to support closure of the courtroom as it was necessary to protect the undercover officer's safety and the integrity of ongoing investigations *(see, People v Martinez,* 82 NY2d 436; *People v Leybovich,* 201 AD2d 670).

We find that the undercover officer's description of how she waited in line while two other people approached the defendant, spoke with him, and then left was inextricably interwoven with the crime charged, and was also necessary to complete the narrative *(see, People v Vails,* 43 NY2d 364; *People v Williams,* 197 AD2d 721; *People v Henry,* 166 AD2d 720).

The sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80).

We have reviewed the defendant's remaining contentions and find them to be without merit. Balletta, J. P., Miller, Hart and Krausman, JJ., concur.