■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER WATTS, Appellant. [622 NYS2d 574] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Barasch, J.), rendered July 29, 1991, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and the indictment is dismissed, without prejudice to the People to represent any appropriate charges to another Grand Jury (see, *People v Beslanovics,* 57 NY2d 726); and it is further,

Ordered that upon service upon him of a copy of this decision and order, with notice of entry, the official having custody of the defendant's person is directed to produce him, forthwith, before the Supreme Court, Kings County, at which time that court shall issue a securing order pursuant to CPL 470.45, either releasing the defendant on his own recognizance or fixing bail or committing him to the custody of the New York City Department of Correctional Services pending resubmission of the case to the Grand Jury and the Grand Jury's disposition thereof (cf., CPL 210.45 [9]). Such securing order shall remain in effect until the first to occur of any of the following: (a) a statement to the court by the People that they do not intend to resubmit the case to a Grand Jury, (b) arraignment of the defendant upon an indictment filed as a result of resubmission of the case to a Grand Jury, (c) the filing with the court of a Grand Jury dismissal of the case following resubmission thereof, or (d) the expiration of a period of 45 days from the date of this decision and order,

provided that such period may, for good cause shown, be extended by the Supreme Court, Kings County, to a designated subsequent date if such be necessary to accord the People a reasonable opportunity to resubmit the case to a Grand Jury; and it is further,

Ordered that the facts have been considered and are determined to have been established.

The defendant, in his statement to the police, claimed that he purchased something from the victim about a week prior to the crime, but did not receive all of his change. On the day of the crime, the defendant demanded his change, and the victim called the defendant a "crack head". In the ensuing fray, the defendant fired several shots, one of which hit the victim in the buttock, resulting in his death.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

However, the trial court erred in refusing to dismiss a prospective juror for cause when that juror did not unequivocably state that he would not be influenced by his feelings with respect to the defendant's history of drug use and would render an impartial verdict (see, People v Blyden, 55 NY2d 73, 76; People v Culhane, 33 NY2d 90). Since the defense counsel then exercised a peremptory challenge against that prospective juror, and eventually exhausted his allotment of peremptory challenges, the defendant's conviction must be reversed (see, People v Torpey, 63 NY2d 361; see also, People v Hewitt, 189 AD2d 781).

In light of our determination reversing the judgment of conviction, we do not reach the defendant's remaining contentions. Ritter, J. P., Pizzuto, Friedmann and Goldstein, JJ., concur.