■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILLIP FADLIN, Appellant. [631 NYS2d 719] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lipp, J.), rendered March 23, 1994, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The undercover police officer testified that, before he purchased cocaine from the defendant, a few people approached the defendant, handed him something, and the defendant handed them something back. This testimony was inextricably interwoven with testimony about the entire transaction. It was also necessary to complete the narrative and to explain why the defendant was targeted by the undercover police officer *(see, People v Coleman,* 205 AD2d 795, 796; *People v Rodriguez,* 207 AD2d 917; *People v Campbell,* 204 AD2d 474, 475; *People v Green,* 170 AD2d 530, 531).

The People should have obtained a ruling from the trial court regarding the admissibility of the aforementioned uncharged drug transactions before evidence of them was introduced *(People v Williams,* 197 AD2d 722, 723). However, the error was harmless because the evidence was admissible, the trial court offered to provide limiting instructions, and the proof of the defendant's guilt was overwhelming *(see, People v Williams, supra).* O'Brien, J. P., Santucci, Joy and Goldstein, JJ., concur.