■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL CLARK, Appellant. [638 NYS2d 765]

The Supreme Court properly denied the defendant's motion to sever his trial from his codefendant's trial since his defense and the codefendant's defense were not irreconcilable (*see, People v Mahboubian,* 74 NY2d 174, 184-185).

In addition, the Supreme Court properly prevented the defendant from asking his codefendant, who testified for the defense, about his motive in pleading guilty. A party may not impeach his or her own witness in the absence of a prior inconsistent statement (*see, People v Figueroa,* 153 AD2d 576; CPL 60.35 [1]; Prince, Richardson on Evidence § 6-423 [Farrell 11th ed]).

Nevertheless, the defendant correctly contends that the Supreme Court committed reversible error by denying his request, pursuant to *People v Rosario* (9 NY2d 263, *cert denied* 368 US 866; *see also, People v Jones,* 70 NY2d 547), that the People turn over the Grand Jury synopsis sheet that was compiled by the prosecution during an interview with two prosecution witnesses. Upon our review of the Grand Jury synopsis sheet, we find that it does not merely set forth the factual details of the crime, but that all of the statements contained in it can be attributed to the two aforementioned prosecution witnesses (*see, People v Adger,* 75 NY2d 723, 731; *People v Rayford,* 158 AD2d 482; *People v Nelu,* 157 AD2d 864). Therefore, a new trial is required. Bracken, J. P., Rosenblatt, O'Brien and Hart, JJ., concur.