■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IRVING PADILLA, Appellant. [666 NYS2d 434] —Appeal by the defendant from a judgment of the County Court, Westchester County (Lange, J.), rendered January 11, 1996, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the evidence of the uncharged crimes in this case was relevant in explaining what led to the police viewing the weapon at issue and was properly admitted (*see, People v Fadlin,* 219 AD2d 665; *People v Green,* 170 AD2d 530; *cf., People v Ventimiglia,* 52 NY2d 350, 361). The prosecutor did not offer the uncharged crimes in evidence as proof of the defendant's propensity to commit the charged crime, and the court's limiting instructions "obviated any potential prejudice to the defendant by ensuring that the jury did not employ the challenged evidence for this improper purpose" (*People v Green, supra,* at 531).

The defendant's remaining contentions are unpreserved for appellate review (*see, People v Fehr,* 75 NY2d 836, 839), without merit, or constitute harmless error. Joy, J. P., Goldstein and Florio, JJ., concur.

McGinity, J., dissents and votes to reverse the judgment and order a new trial, with the following memorandum: In view of the trial court's unsolicited remarks in its preliminary instructions to the jury, I believe the defendant was deprived of his fundamental constitutional rights necessitating a new trial in the interest of justice.

The defendant was detained by private security officers and then questioned by the police concerning an incident wherein his companion failed to pay for a package of cigarettes. During the questioning by the police, the defendant produced his work identification but allegedly stated to the police that he did not have a driver's license. The defendant and his companion were neither charged nor detained further. Sergeant Fanelli, noticing the defendant enter a parked car on the driver's side, radioed a police car in the field to stop the defendant. The defendant was apprehended after a chase. The sergeant directed the defendant to the police vehicle where a motor vehicle rec-

ord check revealed that the defendant's operator's license had been previously suspended or revoked. The defendant was then arrested. Sergeant Fanelli returned to the vehicle which the defendant had been driving to inquire whether the defendant's companion had a valid operator's license, and at that point he observed a stick with electrical tape around the end protruding from an area between the driver's door panel and the driver's seat of the car. The sergeant made this observation while looking through the passenger's side window. The defendant was charged with, and subsequently convicted of, criminal possession of a weapon in the third degree for possession of a bludgeon.

During the trial court's preliminary instructions to the jury, it stated, *inter alia,* that a defendant was presumed innocent until his guilt is proven according to law, that there was no burden upon defendant to establish his innocence, and that the defendant did not have to present any evidence or testify. The court also stated:

"It's possible in many cases that the defense is contained in the cross-examination and the arguments to the jury without any witnesses testifying. It's a perfectly legitimate way to defend a case in our system.

"There are many here in this building who feel that if Jean Harris had simply not testified, as her attorney had advised her at trial, she would have gotten out of jail a lot sooner than she did. But so be it.

"It's not the basis of which any unfavorable inference to the defendant should be drawn. You're not to speculate why a person would not testify at the trial. Because a person has no burden of proof.

"The standard of proof that is required here and in every criminal case is proof beyond a reasonable doubt. This does not require the People to prove the defendant guilty beyond all possibility of doubt or beyond a shadow of a doubt. It requires the People to establish defendant's guilt beyond a reasonable doubt".

Although the defense counsel did not object to the court's preliminary instructions, in my view the conviction should be reversed and a new trial granted in the interest of justice. CPL 300.10 (2) provides that when a defendant who opts not to take the stand requests a charge—but not otherwise—the court "must state that the fact that he did not testify is not a factor from which any inference unfavorable to the defendant may be drawn". It is well settled that "absent a request by defendant, the Trial Judge may make no comment concerning defendant's

right not to testify" (*People v Boyd,* 53 NY2d 912, 914). The defense counsel did not specifically request instructions to the jury regarding the defendant's failure to testify in his own behalf.

Here, the comparison of the defendant's case to that of Jean Harris constituted reversible error (*cf., People v Koberstein,* 66 NY2d 989). This instruction was given prior to the attorneys' opening statements and before evidence was introduced and substantially curtailed the defendant's opportunity to testify in his own defense. In *People v McLucas,* (15 NY2d 167, 170-171), the trial court commented in its charge to the jury that the detective's statement that the defendant had told him that he " 'did not do it' * * * [did] not take the place of sworn testimony from this witness chair". The Court of Appeals held that the trial court's remarks violated the defendant's fundamental constitutional rights against self-incrimination, and, under such circumstances, no exception was necessary for appellate review. By parity of reasoning, it is clear that the trial court's inappropriate reference to Jean Harris in its preliminary instructions directly impinged upon the defendant's constitutional rights against self-incrimination and under the *McLucas* holding, the absence of an exception was immaterial. For this reason, the conviction should be reversed and a new trial granted.