■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRY LEWIS, Appellant. [689 NYS2d 168] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lipp, J.), rendered April 7, 1997, convicting him of criminal sale of a controlled substance in the third degree and reckless endangerment in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The defendant was convicted of criminal sale of a controlled substance in the third degree and reckless endangerment in the second degree after a so-called "buy and bust" operation in which an undercover police officer purchased crack cocaine. The People failed to produce the "daily activity report" prepared by the undercover officer who purchased the crack cocaine. This report contains a listing of the undercover officer's activities for that day, which is related to his testimony given in this case. The prosecution's complete failure to produce this report denied the defendant of his fair opportunity to cross-examine the undercover officer at trial.

The rule regarding the remedy in the event the People possess, but fail to produce, *Rosario* material is clear. "Such failures constitute per se reversible error requiring a new trial preceded by disclosure of the material" (*People v Martinez,* 71 NY2d 937, 940; *see also, People v Machado,* 90 NY2d 187). " '[T]hat the material is related to the subject matter of the witness's testimony is critical and dispositive' " (*People v Rios,* 182 AD2d 843, 844), but the violation " 'cannot be considered harmless error even if the nondisclosed material would have been of limited impeachment value to the defense' " (*People v Smith,* 206 AD2d 102, 109, citing *People v Jones,* 70 NY2d 547).

Contrary to the People's contentions that the nondisclosed report may be the duplicative equivalent of one admitted into evidence at trial, remittal is inappropriate as the nondisclosed activity report has not been made available for such a comparison (*see, People v Smith,* 150 AD2d 275).

Contrary to the defendant's contention, the trial court did not deny his right to a public trial (*see, People v Peterson,* 81 NY2d 824; *People v Gonzalez,* 237 AD2d 302).

The defendant's remaining contentions are without merit. S. Miller, J. P., Santucci, Sullivan and Florio, JJ., concur.