■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR BELDRES, Appellant. [692 NYS2d 114] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rutledge, J.), rendered December 12, 1996, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the seventh degree, and unlawful possession of a knife, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is Ordered.

The defendant's sole contention on appeal is that the trial court improperly denied his challenge for cause of a prospective juror. We agree. The prospective juror stated that he was "not sure" he could·convict the defendant on the basis of the evidence, and that he would "wonder why [the defendant] is still involved with drugs if he has a prior". These statements established prima facie that the prospective juror had "a state of mind that [was] likely to preclude him from rendering an impartial verdict based upon the evidence adduced at the trial" (CPL 270.20 [1] [b]; *see, People v Watts,* 212 AD2d 650, 651). It was then incumbent on the trial court to seek clarification from the juror to ensure his ability to render an impartial verdict, or, in the absence of an assurance of impartiality, to dismiss the prospective juror for cause (*see, People v Torpey,* 63 NY2d 361, 367; *People v Culhane,* 33 NY2d 90, 107-108; *People v Cruz,* 244 AD2d 417). ·

Since the trial court did neither and, in exercising a peremptory challenge, the defendant exhausted his peremptory challenges before jury selection was complete, the error warrants reversal (*see, People v Torpey, supra;* CPL 270.20 [2]). Bracken, J. P., O'Brien, Krausman and McGinity, JJ., concur.