■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LESTER D. NASH, Appellant. [891 NYS2d 763]—

Stein, J.

When this case was previously before this Court, we withheld decision and remitted the matter to County Court for an assessment as to whether the manner of presentment to the grand jury of charges against defendant created an undue risk that evidence of one criminal transaction was improperly considered in the grand jury's deliberation of another.[1] Upon remittal, after reviewing the trial court's file,[2] the Court Clerk's file, the grand jury minutes pertaining to all the relevant indictments, the minutes of all court appearances and the trial transcripts, County Court (Cawley, J.) scheduled a hearing. Following such hearing—at which the court heard testimony from defendant, the Assistant District Attorney who presented the assault charges to the grand jury and the court reporter assigned to the grand jury proceedings in question—County Court determined that the integrity of the grand jury proceedings was not so impaired as to create the possibility of prejudice to defendant. Both parties have submitted supplemental briefs addressing County Court's decision.

---

1. The facts surrounding the underlying criminal matter are set out in detail in our previous decision (*People v Nash*, 64 AD3d 878 [2009]) and will not be repeated here.

2. The judge who presided over defendant's assault trial has since retired from the bench.

The testimony adduced at the hearing established that the grand jury first heard evidence with regard to the assault charge on December 15, 2005, and the presentation of that evidence concluded with a vote being taken on December 20, 2005. Defendant contends that, on December 20, the People also started to present evidence to the same grand jury regarding a drug possession charge against him. This contention is based on, among other things, an alleged conversation with the Assistant District Attorney that day outside the grand jury room (which conversation the Assistant District Attorney does not recall). The People concede that the presentation of the drug possession charge was scheduled to begin on December 20, but assert that it was postponed in order to obtain additional evidence and was not presented until the following January or February.[3] Defendant also argues that the integrity of the grand jury proceedings was impaired because a case calendar—which included defendant's name and reference to both the assault and drug possession charge—was in the grand jury room on December 20 and may have been viewed by the foreperson and other grand jurors.

Initially, we note that grand jury proceedings enjoy a presumption of regularity which is the challenger's burden to overcome (see *People v Serkiz*, 17 AD3d 28, 31 [2005]). "Dismissal of indictments under CPL 210.35 (5) should thus be limited to those instances where prosecutorial wrongdoing, fraudulent conduct or errors potentially prejudice the ultimate decision reached by the [g]rand [j]ury" (*People v Huston*, 88 NY2d 400, 409 [1996]). Here, while the Assistant District Attorney and defendant had different recollections of the events that transpired before the grand jury on December 20, 2005, the court reporter—a 20-year veteran—unequivocally testified that she was required to record every word spoken in the grand jury room, that "in grand jury nothing is off the record" and that "[i]f anything was said I would have transcribed it, so if it's not in the transcript, it was not said." Although the grand jury minutes of December 20 are not included in the record before us, there does not seem to be any dispute that there is nothing therein which refers to the drug possession charges against defendant. Moreover, while the Assistant District Attorney's recollection of the circumstances was admittedly based upon his review of the case file and the grand jury minutes, it was corroborated by his testimony that he had never had a holdover

---

3. This assertion is supported by certain memoranda received in evidence at the hearing and the testimony of the Assistant District Attorney.

grand jury.[4] In contrast, defendant's clearly erroneous testimony that the assault victim testified before the grand jury on December 20 casts doubt on the accuracy of his allegations regarding the remainder of the events of that day.

Considering all of the evidence, we discern no basis to disturb County Court's assessment of the credibility of the witnesses or its conclusion that, since the evidence did not support defendant's contention that evidence of drug charges against him was improperly considered in the grand jury's deliberation of the assault charges, the integrity of the grand jury proceedings was not impaired so as to create an undue risk of prejudice to defendant (*see* CPL 210.35 [5]; *People v Huston*, 88 NY2d at 409; *People v Caracciola*, 78 NY2d 1021, 1022 [1991]; *People v Darby*, 75 NY2d 449, 454 [1990]; *People v Jones*, 239 AD2d 234, 235 [1997]). While we agree with County Court's reservations regarding the People's general practice of allowing grand jurors to have access to calendars that show potential additional charges not currently being presented to them, we also agree that the mere presence of such calendars here was insufficient to impair the integrity of the proceedings (*see generally People v Lashua*, 264 AD2d 951, 952 [1999]).

Mercure, J.P., Peters, Malone Jr. and Garry, JJ., concur. Ordered that the judgment is affirmed.

---

**4.** This is significant because, if evidence of the drug charges had been presented to the grand jury on December 20, 2005 and the term ended on December 31, 2005 without concluding such presentation, that grand jury panel would have been considered a holdover jury if the grand jurors had returned in January or February 2006 for completion of the presentation.