■ The People of the State of New York, Respondent, v Ruben Torres, Appellant. [910 NYS2d 381]—

Appeal by the defendant from a judgment of the County Court, Orange County (DeRosa, J.), rendered June 25, 2008, convicting him of rape in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The complainant's testimony that the defendant committed uncharged acts of sexual abuse and rape against her, from the time she was seven or eight years old, was properly admitted into evidence at trial as relevant to prove the absence of consent, a necessary element of the crime of rape in the third degree (*see People v Cook*, 93 NY2d 840, 841 [1999]; *People v Chaffee*, 30 AD3d 763, 765 [2006]; *People v Medunjanin*, 276 AD2d 719 [2000]; *People v Wright*, 266 AD2d 414 [1999]; *People v Brown*, 261 AD2d 410, 410-411 [1999]; *People v George*, 197 AD2d 588, 589 [1993]). Further, the trial court providently exercised its discretion in determining that the probative value of this evidence exceeded the potential for prejudice to the defendant (*see People v Cook*, 93 NY2d 840, 841 [1999]; *People v Alvino*, 71 NY2d 233, 242 [1987]; *People v Romero*, 309 AD2d 953, 954 [2003]). Moreover, the court's limiting instructions obviated any potential prejudice by ensuring that the jury did not employ the evidence for an improper purpose (*see People v Ortiz*, 273 AD2d 482, 483 [2000]; *People v Padilla*, 245 AD2d 310, 310 [1997]; *People v Green*, 170 AD2d 530, 531 [1991]).

Also without merit is the defendant's contention that the expert testimony on child sexual abuse syndrome was improperly admitted to prove the occurrence of the crimes charged. The expert testimony was properly offered for the purpose of helping to explain the complainant's behavior after the rapes, which was not within the knowledge of the average juror (*see People v Carroll*, 95 NY2d 375, 387 [2000]; *People v Taylor*, 75 NY2d 277 [1990]; *People v Cintron*, 75 NY2d 249, 267 [1990]; *People v Keindl*, 68 NY2d 410, 422 [1986]; *People v Gillard*, 7 AD3d 540, 541 [2004]; *People v Califano*, 216 AD2d 574, 575 [1995]; *People v Burgess*, 212 AD2d 721 [1995]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Dillon, J.P., Florio, Angiolillo and Dickerson, JJ., concur.