Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Honorof, J.), rendered September 21, 2011, convicting him of murder in the second degree and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence.
Ordered that the judgment is reversed, on the law, and a new trial is ordered.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant’s guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence.
Nonetheless, the judgment must be reversed, and a new trial ordered.
The defendant’s contention in his pro se supplemental brief regarding the denial of defense counsel’s challenge for cause to a prospective juror is unpreserved for appellate review, as defense counsel failed to challenge the prospective juror on the specific ground asserted on appeal (see People v Chatman, 281 AD2d 964 [2001]; People v Laverpool, 267 AD2d 93 [1999]; People v Deschamps, 256 AD2d 13 [1998]). Nevertheless, under the circumstances of this case, we review this contention in the interest of justice (see CPL 470.15 [6] [a]; People v Davis, 19 AD3d 1007 [2005]).
CPL 270.20 (1) (b) provides that a prospective juror may be challenged for cause if the prospective juror has a state of mind that is likely to preclude him or her from rendering an impartial verdict based upon the evidence adduced at trial. Where an issue is raised concerning the ability of a prospective juror to be *761 fair and impartial, the prospective juror must state unequivocally that his or her prior state of mind will not influence his or her verdict, and that he or she will render an impartial verdict based solely on the evidence (see People v Borges, 90 AD3d 1067, 1068 [2011]; People v MacFarlane, 87 AD3d 700, 701 [2011]; People v Rose, 73 AD3d 1091, 1092 [2010]; People v Goodwin, 64 AD3d 790 [2009]). A prospective juror’s responses, construed as a whole, must demonstrate an absolute belief that his or her prior state of mind will not influence his or her verdict (see People v Borges, 90 AD3d at 1068; People v MacFarlane, 87 AD3d at 701; People v Rose, 73 AD3d at 1091).
Here, during voir dire, a prospective juror stated, “[j]ust my upbringing tells me that the police saw fit to arrest and the District Attorney saw fit to prosecute, so that automatically renders my opinion.” The prospective juror never unequivocally stated that his prior state of mind regarding the police and the District Attorney would not influence his verdict, and that he would render an impartial verdict based solely on the evidence. His responses as a whole showed that there was doubt as to his ability to be impartial. Therefore, the trial court erred in denying defense counsel’s application to discharge this prospective juror for cause (see People v MacFarlane, 87 AD3d at 701-702; People v Rose, 73 AD3d at 1092-1093; People v Bentz, 232 AD2d 498 [1996]; People v Birch, 215 AD2d 573 [1995]; People v Watts, 212 AD2d 650 [1995]). Because defense counsel exercised a peremptory challenge against this prospective juror, and also exhausted his allotment of peremptory challenges, this error cannot be considered harmless (see People v Grant, 297 AD2d 687 [2002]; People v Maddox, 175 AD2d 183 [1991]; People v Mentz, 170 AD2d 541 [1991]; People v Lawrence, 159 AD2d 518 [1990]).
In light of our determination, we need not reach the defendant’s remaining contentions. Austin, J.E, Sgroi, Cohen and Hinds-Radix, JJ., concur.