THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD HOFFMANN, Appellant. [998 NYS2d 87]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lewis, J.), rendered December 14, 2011, convicting him of driving while intoxicated in violation of Vehicle and Traffic Law § 1192 (3), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the Supreme Court erred in denying defense counsel's challenge for cause to a prospective juror is only partially preserved for appellate review, as defense counsel failed to challenge the prospective juror on one of the specific grounds asserted on appeal (*see* CPL 470.05 [2]; *People v Campbell*, 111 AD3d 760, 760 [2013]). In any event, the contention is without merit. A prospective juror may be challenged for cause on the ground that "[h]e [or she] has a state of mind that is likely to preclude him [or her] from rendering an impartial verdict based upon the evidence adduced at the trial" (CPL 270.20 [1] [b]). "[A] prospective juror whose statements raise a serious doubt regarding the ability to be impartial must be excused unless the juror states unequivocally on the record that he or she can be fair and impartial" (*People v Chambers*, 97 NY2d 417, 419 [2002]; *see People v Arnold*, 96 NY2d 358, 362 [2001]). "Where a prospective juror offers such assurances, the trial court has discretion to deny the challenge for cause if it determines that the juror's promise to be impartial is credible" (*People v Johnson*, 40 AD3d 1011, 1011-1012 [2007]; *see People v Arnold*, 96 NY2d at 363). Here, although the prospective juror initially raised a concern regarding his ability to be impartial in a case involving an alleged drunk driver, he provided multiple unequivocal assurances that he could render an impartial verdict based solely on the evidence. Accordingly, the Supreme Court providently exercised its discretion in denying the defendant's challenge for cause (*see People v Chambers*, 97 NY2d at

418-419; *People v Williams*, 107 AD3d 746, 747 [2013]; *People v Hewitt*, 95 AD3d 1358, 1359 [2012]).

The defendant's contention that the Supreme Court's instructions to the jury on the issue of reasonable doubt were constitutionally inadequate is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Coles*, 62 AD3d 1022, 1023 [2009]). In any event, the defendant's contention is without merit because the instructions, on the whole, conveyed the correct standard to be employed by the jury (*see People v Fields*, 87 NY2d 821, 823 [1995]; *People v Morris*, 120 AD3d 835 [2014]; *People v King*, 73 AD3d 1083, 1084 [2010]; *People v Coles*, 62 AD3d at 1023).

There is no merit to the defendant's contention, raised in his pro se supplemental brief, that he was deprived of the effective assistance of counsel (*see Strickland v Washington*, 466 US 668 [1984]; *People v Benevento*, 91 NY2d 708, 712-713 [1998]).

The defendant's remaining contentions, including those raised in his pro se supplemental brief, are unpreserved for appellate review and, in any event, without merit. Mastro, J.P., Balkin, Miller and Duffy, JJ., concur.