## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  March 12, 2015                    105524
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                   MEMORANDUM AND ORDER

ERIC BODDIE,
                    Appellant.
_____

Calendar Date:  January 16, 2015

Before:  Lahtinen, J.P., Egan Jr., Lynch and Devine, JJ.

                    _____


        Marcy I. Flores, Warrensburg, for appellant.

        Robert M. Carney, District Attorney, Schenectady (Gerald A.
Dwyer of counsel), for respondent.


                    _____


Devine, J.

        Appeal from a judgment of the Supreme Court (Milano, J.),
rendered August 29, 2012 in Schenectady County, upon a verdict
convicting defendant of the crime of assault in the second
degree.

        Defendant was indicted on two counts of burglary in the
second degree and one count of assault in the second degree
following his alleged involvement in a bar fight that occurred in
the City of Schenectady, Schenectady County, in which defendant
and his codefendant were accused of attacking the bar owner with
a bar stool and stealing bottles of liquor and money from a
register.  Following a trial, the jury found defendant guilty of
assault in the second degree.  Supreme Court sentenced defendant,
as a second violent felony offender, to seven years in prison,

followed by five years of postrelease supervision.  Defendant appeals.

We first address defendant's argument that the grand jury's exposure to inadmissible hearsay so tainted the proceedings that dismissal of the indictment is required.  Dismissal of an indictment is an extreme remedy that is limited to "'those instances where prosecutorial wrongdoing, fraudulent conduct or errors potentially prejudice the ultimate decision reached by the [g]rand [j]ury'" (People v Nash, 69 AD3d 1113, 1114 [2010], lv denied 15 NY3d 754 [2010], quoting People v Huston, 88 NY2d 400, 409 [1996]; accord People v Moffitt, 20 AD3d 687, 688 [2005], lv denied 5 NY3d 854 [2005]).  Defendant's challenge relates to a recording of the bar's security camera footage that depicted the attack on the victim.  Specifically, the victim's son made a video recording of a monitor as it played the surveillance footage, during which recording he and another person can be heard making several comments regarding the severity of the attacks upon the victim.  The People explained to Supreme Court that they were unable to mute the video as it was being played during grand jury proceedings, and that the prosecutor provided an instruction to disregard the audio component of the video recording.  Thus, it is apparent that the People did not intentionally present inadmissible hearsay or otherwise engage in an "over-all pattern of bias and misconduct" (People v Huston, 88 NY2d at 408; see People v Tatro, 53 AD3d 781, 784 [2008], lv denied 11 NY3d 835 [2008]).  Moreover, in light of the ample evidence supporting the assault in the second degree charge against defendant, we find no basis to determine that the hearsay evidence rendered the indictment defective (see People v Kidwell, 88 AD3d 1060, 1062 [2011]).

Next, we consider defendant's challenges to the manner in which Supreme Court conducted jury selection.  First, defendant argues that Supreme Court erred in denying his Batson objection after the People exercised its final peremptory challenge to strike a black juror.  It is well settled that defendant bore the initial burden of demonstrating "a prima facie case of purposeful discrimination" by the People (People v Knowles, 79 AD3d 16, 20 [2010], lv denied 16 NY3d 896 [2011]).  While defendant

complained that the jury had an insufficient number of black jurors and could not discern any legitimate reason for the People's exclusion of the juror at issue, the court disagreed, stating that the People had previously agreed to seat another black juror, while defendant had exercised a peremptory challenge against a second black juror. The court continued that, inasmuch as there was "no pattern" of discriminatory juror challenges by the People, defendant had failed to satisfy his burden of making a prima facie demonstration that the People's peremptory challenge was racially motivated. As the record demonstrates that the People's final peremptory challenge was made in good faith and without racial bias, Supreme Court properly found that no Batson violation had occurred.

Defendant also maintains that Supreme Court erred in denying his challenge of a juror for cause after she expressed doubt as to her ability to be fair and impartial if defendant chose not to testify at trial. At the outset, defendant failed to preserve this issue by challenging the prospective juror on the specific ground that he now raises in this appeal (see People v Hoffmann, 122 AD3d 945, 945 [2014]). Nonetheless, were this issue before us, we would find that defendant's argument is without merit. When a prospective juror indicates that he or she may not be able to remain impartial in the event the defendant decides not to testify, the potential juror may be selected to serve only if the court elicits an unequivocal guarantee that he or she will follow the court's instructions regarding the law and render an impartial verdict (see People v Bludson, 97 NY2d 644, 645-646 [2001]; People v Russell, 16 AD3d 776, 778 [2005], lv denied 5 NY3d 809 [2005]). Having eliminated its doubts about the juror's ability to "reach a verdict based entirely upon the court's instructions on the law," including defendant's right not to take the stand during trial (People v Bludson, 97 NY2d at 646), we would find, if this issue were preserved, that County Court properly denied defendant's for cause challenge.

As to defendant's claim that his motion to suppress the victim's identification testimony was erroneously denied following a pretrial hearing and that he should have been afforded a Wade hearing, we disagree. A Judicial Hearing Officer

heard testimony from the victim that defendant had come into the bar several days a week for nearly four months prior to the assault, during which visits defendant and the victim engaged in conversation and became acquainted. The victim testified that, in the weeks leading up to the attack, defendant had become increasingly disruptive and, just prior to the assault, the victim denied defendant entry into the bar. This evidence supported the Judicial Hearing Officer's determination that the victim and defendant knew each other prior to the assault and that the victim's identification of defendant following the incident was not the product of undue police suggestion, thereby rendering a Wade hearing unnecessary (see People v Allah, 57 AD3d 1115, 1116-1117 [2008], lv denied 12 NY3d 780 [2009]; People v Carter, 57 AD3d 1017, 1017-1018 [2008], lvs denied 12 NY3d 781 [2009]).

Nor do we agree with defendant's claim that Supreme Court erred when it refused to charge the jury with the lesser included offense of assault in the third degree. Even when the trial evidence — which included testimony and video footage demonstrating that defendant attacked the victim by striking him with a wooden bar stool — is viewed in a light most favorable to defendant, the jury could not have reasonably concluded that defendant "committed the[] lesser offense[] but not the greater" (People v Brown, 100 AD3d 1035, 1037 [2012], lv denied 20 NY3d 1009 [2013]; see People v Rivera, 23 NY3d 112, 120 [2014]).

Finally, defendant's nonspecific motion to dismiss at the end of the People's proof, which was not renewed at the close of evidence, failed to preserve his claim that the conviction was not supported by legally sufficient evidence (see People v Gray, 86 NY2d 10, 19 [1995]), nor has he made a weight of the evidence claim on appeal upon which we would necessarily determine whether "each element of the crime[] was proven beyond a reasonable doubt" (People v Rodriguez, 121 AD3d 1435, 1436 [2014], lv denied ___ NY3d ___ [Jan. 24, 2015]; see People v Danielson, 9 NY3d 342, 349 [2007]). Had the issue been preserved, we would find that the evidence at trial demonstrated beyond a reasonable doubt that defendant physically injured the victim when he struck him down with a wooden stool (see Penal Law § 120.05 [2]; People v

-5-                          105524

<u>Griffin</u>, 24 AD3d 972, 973 [2005], <u>lv denied</u> 6 NY3d 834 [2006]).

Defendant's remaining arguments have been considered and found to be lacking in merit.

Lahtinen, J.P., Egan Jr. and Lynch, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court