*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  May 12, 2016                    105817
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

ERIK BROWN,
                        Appellant.
_____

Calendar Date:  March 23, 2016

Before:  Peters, P.J., Lahtinen, Rose, Lynch and Aarons, JJ.

_____

        M. Joe Landry, Schenectady, for appellant.

        Robert M. Carney, District Attorney, Schenectady (Peter H.
Willis of counsel), for respondent.

_____

Rose, J.

        Appeal from a judgment of the County Court of Schenectady
County (Giardino, J.), rendered February 13, 2013, upon a verdict
convicting defendant of the crimes of assault in the second
degree and assault in the third degree.

        As a result of separate but related incidents in which
defendant stabbed Jolene Taylor in the leg with a knife and then,
the following month, he punched her in the face and allegedly
stabbed Romeo Faulkner, defendant was charged with two counts of
assault in the second degree and one count of assault in the
third degree.  Following a jury trial, defendant was acquitted of
the count of assault in the second degree arising out of the
alleged stabbing of Faulkner and convicted on the remaining two
counts arising out of the attacks on Taylor.  Defendant appeals.

Although defendant moved for a trial order of dismissal at the close of the People's proof, he failed to specify the grounds upon which he sought dismissal of the count of assault in the third degree. Accordingly, he failed to preserve his argument that the People's evidence was legally insufficient to support his conviction on that count (see People v Hawkins, 11 NY3d 484, 492 [2008]; People v Launder, 132 AD3d 1151, 1151 [2015]). While his motion did allege specific insufficiencies in the People's evidence regarding his conviction of the count of assault in the second degree, this argument is unpreserved as well, as he failed to renew his motion at the close of all proof (see People v Lane, 7 NY3d 888, 889 [2006]; People v Peterkin, 135 AD3d 1192, 1192 [2016]). In any event, were these issues properly before us, we would find them to be meritless. Testimony in the record provides a valid line of reasoning and permissible inferences from which a jury could find beyond a reasonable doubt that defendant was properly identified as the perpetrator and that he physically injured Taylor when he punched her in the face (see Penal Law § 120.00 [1]; People v Reed, 22 NY3d 530, 534 [2014]; People v Boddie, 126 AD3d 1129, 1132 [2015], lv denied 26 NY3d 1085 [2015]).

Defendant next argues that County Court abused its discretion by declining to grant his timely request for a missing witness charge. We cannot agree, as he failed to meet his prima facie burden of establishing that such a charge was warranted. Defendant's sole argument to County Court was that a missing witness charge should be given as to James Tedeschi because he was present with Taylor and Faulkner at the second altercation and appeared on the People's witness list, but was not called to testify. However, "the mere failure to produce a witness at trial, standing alone, is insufficient to justify the charge" (People v Gonzalez, 68 NY2d 424, 427 [1986]; see People v Turner, 73 AD3d 1282, 1284 [2010], lv denied 15 NY3d 896 [2010]; People v Lemke, 58 AD3d 1078, 1079 [2009]; People v Smith, 240 AD2d 949, 949 [1997], lv denied 91 NY2d 880 [1997]). To warrant a missing witness charge, the proponent of the charge must establish that "(1) the witness's knowledge is material to the trial; (2) the witness is expected to give noncumulative testimony; (3) the witness is under the 'control' of the party against whom the charge is sought, so that the witness would be expected to

testify in that party's favor; and (4) the witness is available to that party" (DeVito v Feliciano, 22 NY3d 159, 165-166 [2013]; see People v Savinon, 100 NY2d 192, 197 [2003]; People v Keen, 94 NY2d 533, 539 [2000]).  Inasmuch as defendant failed to satisfy these preconditions, County Court did not err in denying his request.

Defendant's final argument that the People committed a Brady violation by failing to turn over a recorded phone conversation involves matters outside the record and is more properly the subject of a motion pursuant to CPL article 440 (see People v Miles, 119 AD3d 1077, 1079-1080 [2014], lvs denied 24 NY3d 1003 [2014]; People v DeJesus, 110 AD3d 1480, 1482 [2013], lv denied 22 NY3d 1155 [2014]).

Peters, P.J., Lahtinen, Lynch and Aarons, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court