■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE FRAZIER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Broomer, J.), rendered November 27, 1989, convicting him of attempted criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, without a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant complains of the Supreme Court's summary denial of that branch of his omnibus motion which was to

suppress physical evidence. However, in the affirmation in support of the application, the defendant's counsel asserted "upon information and belief", and without setting forth the basis thereof, only that "said seizure was without permission or consent", that the "search of his person was not incidental to a lawful arrest", and that the "police officer was not acting on information received from a reliable informant nor did he observe the defendant commit any crimes" *(cf., People v Rodriguez,* 162 AD2d 478).

We agree with Supreme Court that the conclusory language set forth in the defendant's moving papers did not warrant that the court conduct an evidentiary hearing *(see, People v Rodriguez, supra; see also, People v Holder,* 149 AD2d 325; *People v Pavesi,* 144 AD2d 392). Moreover, although the People, whose papers made clear that the property at issue—a gun—was not seized from the defendant's person, did not oppose the defendant's application on the ground that his "factual" allegations were inadequate, the Supreme Court was not obligated to overlook defects in the defendant's papers when ruling on his motion *(see,* CPL 710.60 [1], [3]; *cf., People v Taylor,* 97 AD2d 381). We therefore find no error in the summary denial of the defendant's application to suppress physical evidence.

We discern no basis for interfering with the defendant's bargained-for sentence *(see, People v Kazepis,* 101 AD2d 816). Bracken, J. P., Sullivan, Harwood and Pizzuto, JJ., concur.