■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLARENCE HOLDER, Appellant. [605 NYS2d 912] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Beldock, J.), rendered March 14, 1990, convicting him of criminal sale of a controlled substance in the first degree (three counts), criminal sale of a controlled substance in the second degree, criminal sale of a controlled substance in the third degree, and criminal possession of a controlled substance in the seventh degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing (Douglass, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The conclusory allegations made in the affirmation of the defendant's attorney, in support of the branch of his motion seeking suppression of physical evidence, were insufficient to raise a triable issue of fact concerning probable cause for his arrest. Although the hearing court should not have considered the substance of certain videotapes and audiotapes in purportedly reaching the issue of probable cause on the merits,

summary denial of the branch of the defendant's motion which was to suppress physical evidence was nonetheless proper *(see,* CPL 710.60 [3]; *People v Pavesi,* 144 AD2d 392; *see also, People v Frazier,* 185 AD2d 360; *cf., People v Altruz,* 198 AD2d 423 [decided herewith]).

Most of the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are unpreserved for appellate review. In any event, after considering all of the remaining contentions, we find them to be without merit *(see, e.g., People v Rivera,* 71 NY2d 705; *People v Benn,* 68 NY2d 941; *People v Satterfield,* 66 NY2d 796; *People v Baldi,* 54 NY2d 137; *see also, People v Suitte,* 90 AD2d 80). Mangano, P. J., Thompson, Sullivan and Ritter, JJ., concur.