◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS CRUZ, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWIN ORTIZ, Appellant. [672 NYS2d 26] —Judgments, Supreme Court, Bronx County (Steven Barrett, J.), rendered April 14, 1994, convicting each defendant, after a jury trial, of two counts of murder in the second degree (intentional murder), two counts of murder in the second degree (felony murder) and one count of attempted murder in the second degree and sentencing defendant Cruz, as a second felony offender, to two concurrent terms of 25 years to life to be served consecutively to two additional concurrent terms of 25 years to life as well as consecutively to a term of 12½ to 25 years, and sentencing defendant Ortiz to two concurrent terms of 25 years to life to be served consecutively to two additional concurrent terms of 25 years to life as well as consecutively to a term of 8⅓ to 25 years, unanimously affirmed.

The court properly admitted testimony regarding photographic identifications made by the surviving victim since defendants opened the door to such testimony despite specific forewarning by the court. Both defendants created an unfair misimpression that the victim's Grand Jury testimony, in which she identified defendants by name, was a police-orchestrated fabrication. Support for this theory included the facts that the victim did not know defendants and did not see them subsequent to the crime until a lineup conducted *after* the Grand Jury presentation. Under all the circumstances, the court properly exercised its discretion by permitting the People to elicit the victim's photo identification of defendants made *before* the Grand Jury presentation, in order to dispel the defense-created impression that her Grand Jury testimony was fraudulent (*compare, People v Mahone*, 206 AD2d 263, *lv denied* 84 NY2d 869, *with People v Cuiman*, 229 AD2d 280, *lv denied* 90 NY2d 903). In any event, in light of the overwhelming evidence of each defendant's guilt, any of the claimed errors regarding identification evidence would be harmless (*see, People v Johnson*, 32 NY2d 814).

The court properly exercised its discretion by receiving the photographs and videotape of the crime scene in evidence since this evidence demonstrated defendants' intent to kill the victims, the extent of the victims' injuries, the position of the bodies, and the means used to carry out the crimes, and served to corroborate and illustrate both the testimony of the surviv-

ing victim and the confessions of each defendant (*see, People v Wood*, 79 NY2d 958; *People v Pobliner*, 32 NY2d 356, *cert denied* 416 US 905). We also note that some of the photographs were redacted to eliminate the more gruesome aspects. Defendant Cruz failed to preserve his contention that the portion of the videotape that focused on framed family pictures of the victims should have been redacted, and we decline to review it in the interest of justice. Were we to review this claim, we would find that failure to redact this material was harmless error (*see, People v Winchell*, 98 AD2d 838, 840, *affd* 64 NY2d 826).

The challenged portions of the prosecutor's summation did not deprive either defendant of a fair trial. Although some of the comments were better left unsaid, the challenged comments were generally based on the evidence and responsive to the defense summations (*see, People v Overlee*, 236 AD2d 133), there was no pattern of inflammatory remarks or egregious conduct by the prosecutor (*see, People v D'Alessandro*, 184 AD2d 114, 118-119, *lv denied* 81 NY2d 884), and the court provided appropriate limiting and final instructions to the jury, eliminating any possible prejudice.

Since defendant Cruz's severance motion and objections to the redacted version of his confession did not raise the grounds asserted on appeal, he has failed to preserve his contention that the redactions designed to excise references to defendant Ortiz unfairly eliminated certain portions now claimed by Cruz to be exculpatory as to Cruz's mental culpability, and we decline to review this claim in the interest of justice. Were we to review it, we would find that the redactions resulted in no prejudice, in light of the cumulative nature of the purportedly exculpatory or mitigating portions and the nature of the issues developed at trial (*compare, People v La Belle*, 18 NY2d 405).

We perceive no abuse of sentencing discretion as to either defendant.

We have reviewed each defendant's remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Milonas, Williams, Mazzarelli and Saxe, JJ.