■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID MILLINER, Appellant. [682 NYS2d 220] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Rivera, J.), rendered March 3, 1997, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing, of that branch of the defendant's omnibus motion which was to suppress evidence recovered as a result of his arrest.

Ordered that the judgment is affirmed.

The defendant challenged the trial court's decision to close the courtroom during an undercover officer's testimony. Contrary to the defendant's contention, the undercover officer's testimony that he would be returning to the Bushwick area of Brooklyn, the area of the defendant's arrest, in his role as an undercover officer, that he had three or four lost subjects from the Bushwick area, that subjects from his long-term operations had been seen in the courthouse vicinity, and that he had been threatened in his capacity as an undercover officer in the Bushwick area was sufficient to support the closure of the courtroom during his trial testimony (*see, People v Martinez,* 82 NY2d 436; *People v Pearson,* 82 NY2d 436; *People v Mitchell,* 209 AD2d 444; *People v Thompson,* 202 AD2d 454; *People v Hosien,* 204 AD2d 658; *People v Campbell,* 204 AD2d 474).

In addition, the trial court properly denied, without a *Dunaway* hearing, that branch of the defendant's omnibus motion which was to suppress evidence recovered as a result of his arrest, because his motion papers failed to raise a factual issue which required resolution by a hearing court (*see,* CPL 710.60; *People v Mendoza,* 82 NY2d 415).

The defendant's sentence is not excessive (*see, People v Suitte,* 90 AD2d 80). Miller, J. P., Pizzuto, Friedmann and Goldstein, JJ., concur.