■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TONY VEGA, Appellant. [715 NYS2d 246] —Judgment, Supreme Court, Bronx County (Joseph Cerbone, J.), rendered December 3, 1998, convicting defendant, after a jury trial, of attempted murder in the second degree, and sentencing him, as a second felony offender, to a term of 20 years, unanimously affirmed.

The court's *Sandoval* ruling, which permitted inquiry into defendant's felony drug conviction but precluded inquiry into a violation and use of aliases, balanced the appropriate factors and was a proper exercise of discretion (*People v Walker*, 83 NY2d 455, 459). The record fails to support defendant's claim that the court based its ruling on irrelevant considerations.

Since defendant's cross-examination of the police officer created the misleading impression that the police prompted the complainant's identification of defendant by supplying the complainant with defendant's name, defendant thereby opened the door to the challenged testimony concerning a photographic identification (*see, People v Givens*, 271 AD2d 372; *People v Cruz*, 249 AD2d 136, *lv denied* 92 NY2d 924).

The record before us demonstrates that defendant received meaningful representation (*see, People v Benevento*, 91 NY2d

708, 713-714). Defense counsel's withdrawal of his motion to suppress identification testimony was proper since the complainant was sufficiently familiar with defendant so as to render the photographic identification confirmatory, and there was no other pretrial identification (*see, People v Rodriguez,* 79 NY2d 445). Counsel's cross-examination of the complainant at trial, viewed as a whole, was effective.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Williams, J. P., Mazzarelli, Ellerin, Wallach and Saxe, JJ.