■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDY L. HICKOK, Appellant. [741 NYS2d 772] —Appeal from a judgment of Oneida County Court (Dwyer, J.), entered November 19, 1998, convicting defendant after a jury trial of, inter alia, sodomy in the first degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of two counts each of sodomy in the first degree (Penal Law former § 130.50 [3]) and endangering the welfare of a child (§ 260.10 [1]), and three counts of sexual abuse in the first degree (former § 130.65 [3]). Defendant was sentenced to concurrent and consecutive terms of incarceration, resulting in an aggregate indeterminate term of incarceration of 15 to 30 years. County Court did not abuse its discretion in allowing two children, ages eight and nine years, respectively, to give sworn testimony. The court conducted an appropriate preliminary examination of those witnesses (see People v Morales, 80 NY2d 450, 452-453), and each child demonstrated that she understood the nature of an oath (see People v Donk, 259 AD2d 1018, 1019, lv denied 93 NY2d 924).

The court did not abuse its discretion in allowing a videotape to be played for the jury. The videotape was relevant to establish the elements of the charge of endangering the welfare of a child, and was not shown solely to inflame the jury (see People v Garraway, 187 AD2d 761, 762, lv denied 81 NY2d 886). The court properly directed that the sentences imposed on the sexual abuse counts run consecutively to those imposed on the sodomy counts. The evidence presented by the People establishes that defendant engaged in separate sexual acts constituting distinct offenses (see People v Curtis, 195 AD2d 968, 969, lv denied 82 NY2d 752). The sentence is neither unduly harsh nor severe. Present—Pigott, Jr., P.J., Green, Hurlbutt, Burns and Lawton, JJ.