■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL CHANDLER, Appellant. [858 NYS2d 753]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lewis, J.), rendered February 14, 2006, convicting him of murder in the second degree (two counts), attempted murder in the second degree, attempted robbery in the first degree (four counts), attempted robbery in the second degree, assault in the first degree (two counts), criminal possession of a weapon in the second degree (two counts), and criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing (Hanophy, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The trial court did not improvidently exercise its discretion in allowing a videotape to be played for the jury and introducing a photograph of the crime scene. The videotape was relevant to establish the elements of the charge of murder in the second degree and to corroborate the witnesses' testimony (*see People v Hickok*, 294 AD2d 928 [2002]; *People v Cruz*, 249 AD2d 136, 137 [1998]), and the photograph was admitted to illustrate the testimony of the detective with respect to the location of physical and ballistics evidence (*see People v Acevedo*, 221 AD2d 550 [1995]; *People v Figueroa*, 213 AD2d 669 [1995]). Thus, the evidence was not shown solely to inflame the jury (*see People v Wood*, 79 NY2d 958 [1992]; *People v Stevens*, 76 NY2d 833 [1990]; *People v Pobliner*, 32 NY2d 356 [1973], *cert denied* 416 US 905 [1974]).

Contrary to the contention of the defendant, as set forth in his supplemental pro se brief, that branch of his motion which was to suppress physical evidence was properly denied without a hearing since his allegations were factually insufficient to support his claim that the police lacked probable cause to arrest him (*see* CPL 710.60 [3]; *People v Long*, 8 NY3d 1014 [2007]; *People v Bryant*, 8 NY3d 530 [2007]; *People v Mendoza*, 82 NY2d 415 [1993]; *People v Jones*, 270 AD2d 500 [2000], *affd* 95 NY2d 721 [2001]; *People v Milliner*, 255 AD2d 460, 461 [1998]; *People v Holder*, 198 AD2d 435, 436 [1993]). Rivera, J.P., Santucci, Eng and Chambers, JJ., concur.