*272 Judgment, Supreme Court, Bronx County (Denis J. Boyle, J.), rendered May 31, 2007, convicting defendant, after a jury trial, of murder in the second degree and criminal possession of a weapon in the second degree, and sentencing him to an aggregate term of 25 years to life, unanimously affirmed.
Defendant opened the door to the admission of testimony about a photographic identification (see People v Massie, 2 NY3d 179 [2004]; People v Cruz, 249 AD2d 136 [1998], lv denied 92 NY2d 924 [1998]; People v Mahone, 206 AD2d 263 [1994], lv denied 84 NY2d 869 [1994]). Defendant’s cross-examination of the identifying witness and a detective did not simply cast doubt on the reliability of the witness’s in-court identification, but created the misimpression that the witness could not identify defendant at all, that the police consequently did not conduct any identification procedure involving this witness, and that the witness identified defendant in court only because he was sitting at the defense table. We have considered and rejected defendant’s remaining arguments on this issue, including his claim that he was unfairly surprised by the prosecutor’s application to introduce the photo identification.
The court responded meaningfully to notes from the deliberating jury (see People v Almodovar, 62 NY2d 126, 131 [1984]; People v Malloy, 55 NY2d 296, 301-302 [1982], cert denied 459 US 847 [1982]). Any delay in responding to the jury’s notes was occasioned by the lack of clarity of the requests and the extensive discussions between the parties and the court regarding the appropriate responses. Although the court directed readbacks of testimony that were somewhat broader than the precise information requested by the jury, this was appropriate because the additional information clarified confusing testimony and provided a complete answer to the jury’s inquiries. Defendant has not established that he was prejudiced either by the delay or by the content of the readback (see People v Agosto, 73 NY2d 963, 966 [1989]; People v Lourido, 70 NY2d 428, 435 [1987]; People v Perez, 15 AD3d 284 [2005], lv denied 4 NY3d 834 [2005]).
The court properly denied defendant’s suppression motion. There is no basis for disturbing the court’s credibility determinations, which are supported by the record (see People v *273 Prochilo, 41 NY2d 759, 761 [1977]). The evidence established a lawful automobile stop, based on a sufficient description of the car and its occupants. Concur—Andrias, J.E, Saxe, Gonzalez, Catterson and Acosta, JJ.