◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TROY CARTWRIGHT, Appellant. [877 NYS2d 136]—

Appeal by the defendant from a judgment of the County Court, Westchester County (DiBella, J.), rendered January 5, 2007, convicting him of murder in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and statements he made to law enforcement officials.

Ordered that the judgment is affirmed.

Viewing the entirely circumstantial evidence here in the light most favorable to the prosecution, and giving it the benefit of every reasonable inference to be drawn from it (*see People v Lewis*, 64 NY2d 1111, 1112 [1985]; *People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The County Court properly denied those branches of the defendant's omnibus motion which were to suppress statements he made to a detective on July 28, 2005 and to suppress as the fruit of those statements DNA evidence derived from a buccal swab taken from the defendant with his consent in the course of the interrogation. The evidence at the pretrial suppression

hearing, which included an audiotape of the exchange between the detective and the defendant, established that the defendant was advised of his *Miranda* rights (*see Miranda v Arizona,* 384 US 436 [1966]) and signed a card containing a waiver of his rights. Moreover, to the extent that the defendant did not give an explicit oral waiver of his rights, the court correctly found an implicit waiver from uncontradicted evidence that the defendant understood his rights and willingly proceeded to answer the detective's questions during interrogation (*see People v Sirno,* 76 NY2d 967, 968 [1990]; *People v Gill,* 20 AD3d 434 [2005]; *People v Hastings,* 282 AD2d 545, 546 [2001]).

Contrary to the defendant's contentions, the court did not improvidently exercise its discretion in admitting into evidence a videotape of the crime scene and certain photographs depicting the decedent's body at the scene of the homicide and at her autopsy. Under the facts of this case, the videotape and the photographs were probative in that they tended to establish the elements of the murder charges and to corroborate the witnesses' testimony (*see People v Chandler,* 51 AD3d 941, 942 [2008]), and were not admitted for the sole purpose of arousing the emotions of the jury or of prejudicing the defendant (*see People v Wood,* 79 NY2d 958, 960 [1992]; *People v Pobliner,* 32 NY2d 356, 369 [1973]).

The defendant's remaining contentions are without merit. Fisher, J.P., Dillon, Belen and Chambers, JJ., concur.