Memorandum. The order of the Appellate Division should be reversed, and the judgment of the County Court of Ulster County convicting defendant of manslaughter in the first degree reinstated. The Appellate Division’s order must be reversed and the judgment of conviction reinstated on the ground that the independent evidence of guilt is overwhelming, and the alleged error must be considered harmless (CPL 470.05). There was evidence that deceased and defendant, each married to another, had been involved in an open, illicit affair, and that they were last seen together in deceased’s station wagon on the night of the killing. Deceased was subsequently found slumped over the steering wheel of the car, mortally wounded, but still alive. The car was then some five miles from where it had been seen parked earlier on the road. This last was at a place not far from where defendant was found lying with a serious bullet wound in the head. There was expert testimony that deceased could have driven the additional five-mile distance after the fatal shooting. A semiautomatic pistol identified as used in the shooting of deceased and of defendant was discovered near defendant, with his blood on it. It was established that the weapon belonged to defendant, and that he carried it frequently. The neurosurgeon who operated on defendant gave his opinion that his wound was self-inflicted. From the report of a pathologist who performed the autopsy on deceased, the nitrate test evidence as to the distance from which the gun had been fired, and that deceased received a bullet wound through her back, the jury could well conclude that deceased’s wounds were not self-inflicted. In sum, it was an overwhelming case for a verdict of manslaughter. On this view, even if, as urged, the victim’s statement inculpating defendant was inadmissible hearsay as the Appellate Division held, it was nevertheless harmless error.
 

 Were it necessary to determine whether the deceased’s utterance fit within an exception to the hearsay rule, it is observed that this court has in recent years emphasized that the hearsay doctrine has been too restrictively applied to exclude otherwise reliable evidence from the jury (see, e.g.,
 
 People
 
 v.
 
 Brown,
 
 26
 
 *550
 
 N Y 2d
 
 88; Letendre
 
 v.
 
 Hartford Acc. & Ind. Co.,
 
 21 N Y 2d 518). The issue, however, is not determined now and may be reserved for resolution in a case which would require such resolution.
 

 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Rabin and Stevens concur.
 

 Order reversed and judgment of the County Court of Ulster County reinstated in memorandum.