THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL RIVERA, Appellant.

First Department, June 30, 1977

*Milton M. Rosenberg (Arthur M. Unterman* with him on the brief), attorney for appellant.

*Robert Plautz* of counsel *(Mario Merola, District Attorney),* for respondent.

SILVERMAN, J. Defendant appeals from a judgment convicting him after jury trial of criminal sale of a controlled substance in the third degree and related counts. (Penal Law, §§ 220.39; 220.16.)

The People's witnesses testified to a transaction whereby the defendant in concert with a juvenile sold narcotics to an undercover officer for $20, and that on defendant's arrest, immediately after the transaction, the $20 was found in his possession, bearing the serial numbers of the money used by the undercover officer. Defendant took the stand and denied that he had anything to do with any drug transaction or there was any mention of drugs and denied the $20 was in his possession.

The only issue on appeal that I think merits discussion is the propriety of the use by the District Attorney on cross-examination of the defendant of an affidavit by his former attorney. This affidavit was interposed on a motion in the same criminal action and in it the attorney, while denying defendant's guilty participation, stated that the defendant had informed him that (a) the juvenile had tried to sell some drugs to him but that defendant had refused; (b) at that point, two men approached the juvenile and bought some drugs and that the juvenile asked the defendant if he had change for $20, which the defendant gave him; and (c) "the defendant admits that he had the money in his pocket which apparently is a marked bill!"

The court permitted cross-examination based on this affidavit and received the affidavit in evidence, limiting however, both the exhibit and the related cross-examination to use for impeachment of credibility only and not permitting its use as evidence in chief. Defendant contends that the District Attorney should not have been permitted to use the affidavit at all or cross-examine on the basis of it.

I see no error. Indeed, I think that the affidavit was admissible as evidence in chief as a vicarious admission. (Richardson, Evidence [10th ed], § 210.)

It is well established that a statement by an agent of a party within the scope of his authority is admissible as an admission against the party. (Richardson, Evidence [10th ed], § 253.)

Most of the cases which have applied this rule have been civil cases. But CPL 60.10 provides: "Unless otherwise provided by statute or by judicially established rules of evidence applicable to criminal cases, the rules of evidence applicable to civil cases are, where appropriate, also applicable to criminal proceedings."

Wigmore states: "It may be added that, conformably to the general doctrine (§ 4 *supra)* by which the rules of evidence are no different in criminal cases, the admissions of an agent may equally be received in a *criminal charge* against the principal." (4 Wigmore, Evidence [Chadbourn Rev], § 1078, p 179.) Admissions by an agent have been admitted in criminal cases against a defendant under this rule. *(United States v Miller,* 246 F2d 486, 490, cert den 355 US 905.) And this court recently affirmed, without opinion, a conviction in which the trial court had received in evidence as an admission of the defendant a statement made by defendant's attorney in open court in the Criminal Court, before indictment. *(People v McGruder,* 52 AD2d 1097. Accord, *People v Cory,* 124 Misc 532, 537-538.)

In the present case, of course, the attorney was plainly acting within the scope of his authority, and probably with express authority, in making and filing the affidavit.

The fact that the attorney was not called to testify is not a valid objection to the admissibility of the affidavit. Almost the whole point to the vicarious admission rule is that someone other than the agent testifies to the fact that the agent has made an admission out of court. Thus, in *United States v Miller (supra,* p 490) the agent who made the admission as to something the defendant had said was dead and obviously did not testify. Nevertheless the persons to whom the agent made the statement were permitted to testify as to what the agent told them regarding messages to them from the defendant. In the present case, there can be and there is no dispute that the agent—here the attorney—made the statement, the affidavit.

Nor is this merely a case where the defendant is being cross-examined about his attorney's - reconstruction of the events, perhaps based on sources in addition to or other than the defendant's statement. Here the attorney's affidavit is explicitly that "the defendant has informed me"; the "defendant states." Indeed, the quoted statement about the marked bill seems to go beyond an evidentiary admission and is almost a form of judicial admission (Richardson, Evidence

[10th ed], § 216) of the fact for the purposes of the case,—"the defendant admits".

The objection that receipt of the evidence violates the attorney-client privilege of confidentiality is patently invalid. There can be no confidentiality about an affidavit filed in open court.

There is one case which looks the other way. In *People v Martino* (256 App Div 406, 410) our brethren in the Third Department held it error to permit cross-examination of a defendant on the basis of his attorney's affidavit. It is not clear whether in that case the attorney's affidavit was a statement that the defendant had told him certain things or whether it was merely a statement by the attorney as to the facts of the case, without saying that the defendant had told this to him. But, in any event, I must respectfully disagree with that case. I think it is contrary to settled principles of the law of evidence. So far as I can find, it has never been cited. It appears to me to be one of those "odd cases" which do not constitute *stare decisis* as against "the line of development never fully criticized or rejected." *(People v Hobson,* 39 NY2d 479, 487.) "The nub of the matter is that *stare decisis* does not spring full-grown from a 'precedent' but from precedents which reflect principle and doctrine rationally evolved." *(Id.,* at p 488.) Judged by this standard, I do not think *People v Martino (supra)* should be deemed a binding precedent.

The admission of this evidence was in my view merely an application of plain, well-settled rules of evidence. If these rules are to be departed from, exclusion of this evidence is a departure in the wrong direction. Three years ago, the Court of Appeals remarked in a criminal case precisely with respect to the use against the defendant of a third person's utterance: "that this court has in recent years emphasized that the hearsay doctrine has been too restrictively applied to exclude otherwise reliable evidence from the jury" *(People v Arnold,* 34 NY2d 548, 549.) (See, also, *Vincent v Thompson,* 50 AD2d 211, 223-224.)

There is no social utility in making it easier for a party to play fast and loose with the truth and the courts; to say through his attorney in a solemn document that certain facts are true and then to testify before the jury that they are not true, without even being required to explain the contradiction. As the United States Supreme Court in *Walder v United States* (347 US 62, 65), quoted with approval in *Harris v New*

*York* (401 US 222, 224), said: "[T]here is hardly justification for letting the defendant affirmatively resort to perjurious testimony in reliance on the Goverment's disability to challenge his credibility."

The judgment of the Supreme Court, Bronx County (BLOOM, J.), rendered June 2, 1975, convicting defendant after jury trial of criminal sale of a controlled substance in the third degree, and criminal possession of a controlled substance in the third degree (Penal Law, §§ 220.39, 220.16), and sentencing defendant to imprisonment of six years to life on each count, to run concurrently, should be affirmed.

CAPOZZOLI, J. (dissenting). Under the circumstances disclosed in the record I believe the admission of the attorney's affidavit in evidence, and the further use of same in the cross-examination of the defendant, constitute error, which, I believe, requires a reversal of the conviction and a new trial. *(People v Martino,* 256 App Div 406.)

BIRNS, J. (concurring). I concur in affirming the judgment of conviction herein and I agree that the attorney's affidavit was properly admitted for the restrictive purpose of impeachment of the defendant who had taken the stand and testified. In my view, however, it is unnecessary to decide in this case "that the affidavit was admissible as evidence in chief as a vicarious admission".

EVANS, J., concurs with SILVERMAN, J.; BIRNS, J. P., concurs in an opinion; CAPOZZOLI, J., dissents in an opinion.

Judgment, Supreme Court, Bronx County, rendered on June 2, 1975, affirmed.