■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE SHUFF, Appellant.—Judgment, Supreme Court, New York County (Edwin Torres, J.), rendered May 19, 1988, convicting defendant of rape in the first degree and sodomy in the first degree and sentencing him to concurrent, indeterminate terms of imprisonment of 12½ to 25 years, unanimously affirmed.

Defendant stands convicted of sexually assaulting the sister of an acquaintance. At trial, defendant could not remember that a week before the trial started his attorney had given notice that defendant would establish that he was at his uncle's home at the time in question. On the prosecutor's rebuttal, defendant's statement to the investigator and the notice of alibi were introduced into evidence.

The prosecutor was properly allowed to impeach defendant with the notice of alibi, whether it is viewed as a prior inconsistent statement or informal judicial admission. *(People v Rivera,* 58 AD2d 147, *affd on opn below* 45 NY2d 989.) The alibi notice was offered with defendant's active participation, and it was a declaration made by defendant in the course of the proceedings inconsistent with the position he assumed at trial. (Fisch, New York Evidence § 803, at 475 [2d ed].) Defendant's cross-examination on the notice appropriately served to test defendant's faithfulness to his obligation to testify truthfully. *(People v McGrath,* 46 NY2d 12, 21, *cert denied* 440 US 972.)

Defendant's claim that the court should have told the jury that his statement to the investigator was not introduced for its truth is not preserved, as a matter of law, and in the circumstances presented does not warrant review in the interest of justice. There is no likelihood that the jury did not understand that the evidence was introduced only to impeach defendant.

Any error in the prosecutor's cross-examination of defen-

dant into the facts of his suppressed arrest as a juvenile for "joyriding" is harmless. The prosecutor did argue in summation that the incident weighed on defendant's credibility, but the defendant's explanation that he falsely listed the incident on an employment application instead of admitting to a felony conviction was more damaging than the incident itself, and the prosecutor's questioning on the contents of the employment application was proper. Concur—Rosenberger, J. P., Asch, Kassal, Wallach and Smith, JJ.