■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO MERCEDES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Linakis, J.), rendered January 10, 1990, convicting him of robbery in the first degree and burglary in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that he did not receive a fair trial because of the prosecutor's allegedly improper use of a notice of alibi and alibi information during his cross-examination of the defendant is unpreserved for appellate review (CPL 470.05 [2]), and in any event, is without merit. Here, the prosecutor was properly allowed to show the defendant a document during cross-examination in order to refresh his recollection with respect to a prior statement he made during pre-trial hearings which was inconsistent with his testimony

at trial (see, People v Shuff, 168 AD2d 348). The defendant contends the document was a notice of alibi; however, the record does not disclose what the document was. Thus, the case at bar is factually distinguishable from People v Nelu (157 AD2d 864), where the prosecutor improperly referred to the contents of a notice of alibi, marked for identification only and read in open court, even though it was properly excluded from evidence after the court sustained the defendant's objection to using the notice for cross-examination. Here, by contrast, the document was simply used to refresh the defendant's recollection, and he provided an explanation for the apparent inconsistency with his position at trial.

We further find no merit to the defendant's claim that he was denied his constitutional right to a fair trial by the alleged ineffectiveness of his trial counsel. Although counsel elicited some damaging testimony about the defendant's prior arrest during cross-examination of the arresting officer, this was clearly part of his trial strategy. Counsel's strategy was to suggest that the police had improper motives against the defendant because of their knowledge of his prior arrest, and had manufactured the evidence against him. The fact that counsel's strategy turned out to be unsuccessful is no basis for finding that the representation he provided was ineffective. The performance of counsel must be evaluated without the benefit of hindsight. If counsel provides meaningful representation in the context of the evidence, the law, and the circumstances of the particular case, the constitutional requirements for effective representation will have been met (see, People v Satterfield, 66 NY2d 796; People v Baldi, 54 NY2d 137). Under the circumstances of this case, we find that counsel employed a reasonable and potentially effective trial strategy (see, People v Butler, 143 AD2d 140).

Finally, we find that the sentence imposed by the trial court was not excessive and modification is not warranted in the interest of justice (see, People v Suitte, 90 AD2d 80). Balletta, J. P., Miller, Ritter and Copertino, JJ., concur.