■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDY MAHONE, Appellant. [614 NYS2d 409] —Judgment, Supreme Court, New York County (Allen Alpert, J.), rendered October 11, 1990, convicting defendant, after a jury trial, of attempted murder in the second degree, assault in the first degree, three counts of robbery in the first degree and two counts of robbery in the second degree, and sentencing him, as a second violent felony offender, to concurrent sentences of 12½ to 25 years and 7½ to 15 years for attempted murder and assault to run consecutive with concurrent sentences of 12½ to 25 years for two counts of robbery in the first degree and 7½ to 15 years for robbery in the second degree to run consecutive with concurrent sentences of 12½ to 25 years and 7½ to 15 years for robbery in the first and second degrees, affirmed.

The trial court properly ruled that defendant had opened

the door to testimony regarding one of the victim's lineup and photo array identifications which had previously been suppressed (see, People v Melendez, 55 NY2d 445, 451-452). On his direct case, defendant elicited from a detective that the first time the detective saw defendant was at a lineup. In cross-examining the same detective, defendant elicited that the victim had told the detective that he did not believe he could identify his assailant from photos. Had the court failed to admit the lineup and photo array identifications, the testimony elicited by defendant would have created the misleading impression that the victim had been unable to identify defendant prior to trial and indeed, the court, when it initially suppressed the lineup identification, expressly warned defendant the ruling was not to be used offensively, as a sword. Defendant's argument that the reliability of the identifications made by the other victim was unfairly enhanced is unpreserved and we decline to reach it in the interest of justice (CPL 470.05 [2]). In any event, the victim was properly permitted to testify regarding his confirmatory identification and the testimony of other witnesses did not unfairly bolster that testimony.

Defendant's argument that the prosecutor improperly impeached him with prior inconsistent statements is unpreserved (CPL 470.05 [2]). Were we to reach this argument in the interest of justice, we would find it meritless. It was not improper for the prosecutor to use inconsistencies between defendant's testimony at the suppression hearing and at trial to impeach him. Contrary to defendant's arguments, the scope of the prosecutor's cross-examination at the hearing was not improperly broad and in any event, this would not provide a basis to limit the prosecutor's use of defendant's inconsistent hearing testimony to impeach him. Further, it was not improper for the prosecutor to use for impeachment purposes a statement made by defendant's attorney at a bail application which was made in defendant's presence and with his active participation (see, People v Shuff, 168 AD2d 348, lv denied 77 NY2d 967). In addition, there is no merit to defendant's unpreserved argument that the prosecutor improperly suggested that defendant lied in connection with his guilty plea. Defendant opened the door to this line of cross-examination when he stated that he did not commit a crime for which he pled guilty.

The court properly denied, without additional inquiry, defendant's untimely motion to be reassigned counsel (see, People v Batista, 191 AD2d 317, lv denied 81 NY2d 1011).

Finally, defendant's consecutive sentences for the robbery and attempted murder of one of the victims was authorized since the robbery was completed when defendant stabbed the victim *(see, People v Day,* 73 NY2d 208, 212). In addition, the court properly exercised its discretion in imposing a severe sentence for nighttime cab driver robberies involving a calculated scheme employing unapprehended accomplices. Concur —Sullivan, J. P., Wallach, Williams and Tom, JJ.

Carro, J., dissents in part and would reduce the sentence to 20 to 40 years in the aggregate.