■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TRAVIS FOY, Appellant. [622 NYS2d 937] —Judgment, Supreme

Court, New York County (Paul E. Bookson, J.), rendered December 15, 1992, which convicted defendant, after a jury trial, of robbery in the first degree and, upon his plea of guilty, of robbery in the second degree, and sentenced him, as a second felony offender, to concurrent terms of 11½ to 23 years and 4 to 8 years, respectively, unanimously affirmed.

Defendant's motion to suppress was properly denied. The police had reasonable suspicion to stop the car on the grounds that defendant and his codefendant and the car matched the description furnished by the victim and given in a radio transmission and which car the police observed moments after receiving the transmission, being driven at a high rate of speed, in the same direction as had been reported (People v Hicks, 68 NY2d 234). Once the victim identified defendant and his codefendant as the robbers, the police had probable cause to make the arrest. Defendant's claim that the radio transmission was insufficient to provide the police with reasonable suspicion because the police did not call the sender of the message to testify at the suppression hearing is without merit since defendant never interposed an objection in this regard (People v Lee, 193 AD2d 529, 532). Further, it cannot be said that the officer's testimony that the car was being driven recklessly was incredible as a matter of law.

Defendant's right to counsel was not violated because his attorney was not present at his lineup. Where, as here, a defendant has counsel on another case but does not request counsel's presence, or his counsel does not request to be present at the lineup, the right to counsel at a lineup does not attach (People v Leidinger, 196 AD2d 688, lv denied 82 NY2d 851).

The court did not err in permitting the prosecution to introduce as evidence a redacted copy of defendant's civil rights complaint against one of the arresting officers. Informal judicial admissions, like those contained in an affidavit (Richardson, Evidence § 217, at 193-194 [Prince 10th ed]) or in a pleading (Fisch, New York Evidence § 803 [2d ed]), may be introduced at subsequent proceedings when relevant and when the person who made the informal judicial admission assumes an inconsistent position at the subsequent proceeding (People v Shuff, 168 AD2d 348, lv denied 77 NY2d 967). Here, admission of the complaint was proper since codefendant Johnson Foy testified that defendant was stabbed by the victim in a fare dispute prior to the arrest and defendant alleged in his complaint that he was stabbed by the victim at the time of his arrest.

We have considered defendant's remaining contentions and find them without merit. Concur—Wallach, J. P., Rubin, Ross, Asch and Mazzarelli, JJ.