■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMEK WHITE, Appellant. [644 NYS2d 16]

The trial court was justifiably concerned that if the jury evaluated a defense witness's testimony without learning that she and her children had tried to fabricate a false alibi for defendant, it would not be able to make an informed assessment of her credibility. The notice of alibi, submitted by defense counsel with defendant's knowledge and consent, was not admitted to impeach the witness until she denied mentioning, at a meeting with defendant's attorney, that another individual, one Lewis, was in her apartment with, *inter alia*, defendant at the time of the shooting. The false notice of alibi was, in any event, admissible as an informal judicial admission by defendant, contrary to his position at trial (*see, People v Rivera*, 45 NY2d 989; *see also, People v Foy*, 212 AD2d 446, *lv denied* 85 NY2d 938; Richardson, Evidence § 217, at 193-194 [Prince 10th ed]).

The court did not err in denying defendant's application for a missing witness charge with respect to the other individual, Lewis, since she was a potential witness only as to defense witnesses' credibility, not the central issue of who shot complainant (*see, People v Kitching*, 78 NY2d 532, 536). This Court has held that requests for a missing witness charge made after both sides have rested are untimely (*People v Rosario*, 191 AD2d 243, *lv denied* 81 NY2d 1019; *People v Kaplan*, 199 AD2d 82). The court charged the jury: "If you can give a reason based on the evidence or lack of evidence that is a reasonable doubt. If you can't it is not a reasonable doubt." That charge was not objected to, and in any event, was approved in *People v Antommarchi* (80 NY2d 247, 251-252).

Upon an independent review of the facts, we find that the verdict of guilt was not against the weight of the evidence (*People v Bleakley*, 69 NY2d 490, 495). The prosecutor's comments on summation were either not objected to, or not improper. We have considered defendant's remaining contentions, including those raised in his *pro se* brief, and find them to be without merit. Concur—Rosenberger, J. P., Ellerin, Williams, Tom and Mazzarelli, JJ.