OPINION OF THE COURT
Leon Ruchelsman, J.
The defendant stands charged of attempted robbery in the first degree (Penal Law §§ 110.00, 160.15 [2]) and related charges. The charges arose when the defendant along with another individual, Edward Benn, allegedly attempted to rob a dry cleaning store in Kings County. The complainant testified at defendant’s trial that the defendant and another individual later identified as Edward Benn entered his store and after discussing the price and method of cleaning a particular stain on Benn’s jacket, Benn pulled a gun. Whereupon the complain *663 ant ran to the back of the store while the defendant and Benn left the store. The complainant called the police and after relating what had just transpired, proceeded to canvass the area. The two men were spotted by the complainant in the vicinity of the store a short while later. Edward Benn pleaded guilty prior to trial. The defendant entered a not guilty plea and after interviewing certain individuals close to the defendant who had appeared at his arraignment, defendant’s attorney sent an alibi notice to the District Attorney pursuant to CPL 250.20 essentially stating that at the time of the alleged holdup he had been at another location.
During the trial the defendant testified and asserted that he was with Mr. Benn and did enter the dry cleaning store with him but was unaware Benn was carrying a gun and was certainly unaware that Benn would attempt to use the gun against the proprietor of the store and had no intention to participate in such activity. The District Attorney then sought to introduce his notice of alibi into evidence either as a prior inconsistent statement or as an admission. The District Attorney argued that the defendant’s testimony on the witness stand clearly contradicted his prior notice of alibi wherein he asserted he had not been at the location at all. The defense opposed the motion. The court issued its ruling orally and this decision supplements that ruling.
CONCLUSIONS OF LAW
CPL 250.20 provides that where a defendant seeks to introduce an alibi defense he must submit to the People a “notice of alibi” containing the place or places the defendant claims to have been as well as any witnesses on whom the defendant plans to rely (CPL 250.20 [1]). The notice of alibi is served to afford the People a reasonable opportunity to investigate the merits of the defense (People v Ruiz, 100 Misc 2d 562 [Sup Ct, NY County 1979]).
The question squarely presented in this case is whether the People may impeach a defendant who testifies at trial with assertions contained within the alibi notice which contradict trial testimony.
The precise nature of the alibi notice is not addressed by the statute. Thus, there is a dispute among the various Appellate Divisions concerning the legality of introducing a defendant’s alibi notice into evidence in efforts to impeach the defendant at trial.
The First Department is of the opinion that a defendant’s alibi notice is an informal judicial admission and like all such *664 admissions may be introduced to impeach a defendant on the witness stand (People v White, 228 AD2d 209 [1st Dept 1996]; People v Shuff, 168 AD2d 348 [1st Dept 1990]). Indeed, a defendant may be impeached by any statement he asserted on a previous occasion which contradicts his present position (People v Rivera, 45 NY2d 989 [1978]). Thus, a defendant’s civil rights complaint filed against the arresting officer was introduced to impeach the defendant’s testimony which contradicted elements of the complaint report (People v Foy, 212 AD2d 446 [1st Dept 1995]). Moreover, the defendant’s prior trial testimony was introduced at a subsequent trial on the grounds the prior testimony constituted judicial admissions (People v King, 158 AD2d 471 [2d Dept 1990]).
Therefore, alibi notice likewise may fall within those judicial declarations which may be introduced at trial for impeachment purposes (People v Shuff, supra).
The Second Department, however, prohibits the introduction of an alibi notice as a means of impeaching trial testimony. In People v Nelu (157 AD2d 864 [2d Dept 1990]), the Court noted that an alibi “notice does not contain any prior statements of the defendant or his alibi witness, and is merely a document prepared by the defense attorney pursuant to statute.”
This case was later distinguished in People v Mercedes (182 AD2d 778 [2d Dept 1992]), where the Court reiterated that an alibi notice could not be introduced into evidence to impeach a defendant on the witness stand but could be shown to the defendant to refresh his recollection about the contents of the notice and afford him an opportunity to explain any inconsistencies between the contents of the document and his trial testimony. The Second Department, then, seems to reject the notion that an alibi notice is an informal judicial admission and like all such admissions may be used to impeach the defendant (see, People v Nance, 185 AD2d 610 [4th Dept 1992]).
The contrast between the First and Second Departments is further highlighted by People v Mahone (206 AD2d 263 [1st Dept 1994]), a First Department case where the Court permitted the People to impeach the defendant by a statement his lawyer had made at a prior bail application, since the defendant was present at the time of the application and participated with the representations of his attorney. Thus, beyond the mere issue of whether or not an alibi notice carries the status of an informal judicial admission, the two Departments seem to differ regarding the potential use of materials prepared by a defense attorney in preparation for trial. Perhaps a distinction *665 may be drawn between those representations of an attorney which are produced as a result of collaboration with the client and those merely prepared in a routine manner.
Nevertheless, while it is true that New York State is comprised of one Appellate Division divided into four Departments for administrative purposes (Mountain View Coach Lines v Storms, 102 AD2d 663 [2d Dept 1984]), a trial court must follow the decisions of its own Department where it conflicts with decisions of the other Departments (Stewart v Volkswagen of Am., 181 AD2d 4 [2d Dept 1992]). Thus, in the instant case this court is bound by the decisions of the Second Department and, notwithstanding any arguments by the People to the contrary, cannot adopt the holdings of cases from the First Department when to do so would clearly conflict with cases within this Department. Therefore, this court is bound to follow the decisions which have held that the admission of an alibi notice is improper. It should be noted that the notice may be shown to the defendant under the doctrine of refreshing the recollection of a witness (People v Mercedes, supra) and the People may take any action not inconsistent with this decision.