■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TONY BROWN, Appellant. [726 NYS2d 1] —Judgment, Supreme Court, New York County (Daniel FitzGerald, J.), rendered March 18, 1999, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 8 to 16 years, unanimously affirmed.

The court properly permitted the prosecutor to impeach defendant with pre-trial statements made by his prior defense counsel in open court in defendant's presence which conflicted with defendant's trial testimony (*see, People v Rivera*, 58 AD2d 147, *affd* 45 NY2d 989). At a *Sandoval* hearing, the prior attorney, who had spent several hours preparing his client to testify, unequivocally stated that defendant intended to testify

that he was present at the scene of the crime in order to buy drugs, but at trial defendant testified that he was present for completely innocent purposes. Under the circumstances, it is clear that defendant was the only possible source of the information that he was present for the purpose of purchasing drugs. Furthermore, the record clearly establishes that the prior attorney, acting in furtherance of the *Sandoval* application, was delineating defendant's intended testimony and was not speaking hypothetically.

Similarly, the record fails to support defendant's claim that his silence during and after his attorney's delineation of the proposed defense was the product of distraction or communication problems. In any event, the attorney was clearly the authorized agent of defendant for purposes of making a *Sandoval* motion and any representations made were binding upon defendant whether or not he specifically authorized them (*compare, People v Rivera, supra, with People v Cassas*, 84 NY2d 718). Accordingly, the court properly exercised its discretion in permitting cross-examination regarding the prior inconsistent statement made to the attorney.

We perceive no basis for reduction of sentence.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Nardelli, J. P., Mazzarelli, Andrias, Saxe and Friedman, JJ.