■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS BURGOS-SANTOS, Appellant. [731 NYS2d 182] —Judgment, Supreme Court, Bronx County (Martin Marcus, J.), rendered July 22, 1998, convicting defendant, after a jury trial, of murder in the second degree, and criminal possession of a weapon in the second degree and sentencing him, as a second violent felony offender, to concurrent terms of 25 years to life and 15 years, respectively, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. Issues of credibility, including the weight to be given to the minor inconsistencies in the testimony of the People's numerous eyewitnesses, were properly considered by the trier of facts and there is no basis upon which to disturb its determinations. The evidence established that defendant acted with depraved indifference to human life when he retrieved a gun from his car, aimed it at three unarmed men, two of whom were fleeing, and, despite the presence in close proximity of numerous other persons, fired several shots, causing the victim's death (*see, People v Languena*, 129 AD2d 587).

The court properly permitted the prosecutor to impeach defendant with his withdrawn and untruthful alibi notice, since

the notice was a prior inconsistent statement and an informal judicial admission (*see, People v Rivera*, 58 AD2d 147, *affd* 45 NY2d 989; *People v White*, 228 AD2d 209, *lv denied* 88 NY2d 1072; *People v Shuff*, 168 AD2d 348, *lv denied* 77 NY2d 967). The circumstances clearly warrant the inference that defendant was the source of the false alibi, and, in any event, defense counsel was defendant's authorized agent for the purpose of making the representations contained in the alibi notice, so that such representations were binding upon defendant (*People v Brown*, 282 AD2d 312; *compare, People v Cassas*, 84 NY2d 718). To the extent that defendant is raising a constitutional claim, such claim is unpreserved and we decline to review it in the interest of justice.

The record establishes that defendant received meaningful representation (*see, People v Benevento*, 91 NY2d 708, 713-714).

We perceive no basis for reduction of sentence. Concur—Sullivan, P. J., Williams, Tom, Mazzarelli and Andrias, JJ.