Smith, J.
(dissenting). Because I believe that the defendant in People v Brown should not have been impeached by a statement given in open court by his discharged former counsel, I dissent.
Prior to trial, at a Sandoval* hearing, defendant’s attorney stated that he expected the defense to be that the defendant was at the scene of the drug sale to purchase drugs and not to sell them. At that time, the defendant did not object to the attorney’s statement. Instead, shortly thereafter, defendant requested a new attorney. The attorney was relieved, and a new counsel was assigned.
At his trial, defendant took the stand and denied being involved in the drug transaction. The prosecutor requested permission from the court to impeach defendant with the statement of the prior defense attorney. Over objection, the prosecution was permitted to do so. Defendant denied making the statement to his attorney. Defendant also stated that at the time the attorney made the statement, he was focusing on the fact that the court was raising his bail and putting him in jail. The record indicates that prior to the time the former attorney made the statement, he and defendant had a conversation about the defendant’s dissatisfaction with the representation.
That defendant remained quiet during the hearing does not demonstrate that he clearly and unambiguously assented to his former attorney’s statement. In a court proceeding, it is the attorney who is expected to speak on defendant’s behalf. The defendant is expected to remain silent and speak only when *237 spoken to. Moreover, defendant had no obligation to speak up when his attorney ascribed to him a position that the defendant never adopted. He could, as he did in this case, show his disagreement with what the attorney said in court by requesting that the attorney be relieved.
In People v Rivera (58 AD2d 147 [1977], affd 45 NY2d 989 [1978]), the court permitted the prosecution to impeach the defendant by an attorney’s affidavit previously filed in the case. The affidavit stated specifically that the information had been obtained from the defendant. Here, by contrast, there was merely a statement by the attorney of what he expected the defense to be. Moreover, that attorney was relieved prior to trial and a new attorney appointed. Under these circumstances, where defendant never adopted the statement of the attorney and where there was no clear waiver of the attorney-client privilege, the People should not have been permitted to use the statement to impeach the defendant.
I would reverse the conviction and order a new trial.
Chief Judge Kaye and Judges Ciparick, Wesley, Rosenblatt and Graffeo concur with Judge Levine; Judge Smith dissents and votes to reverse in a separate opinion.
In People v Brown: Order affirmed.
Chief Judge Kaye and Judges Smith, Ciparick, Wesley, Rosenblatt and Graffeo concur.
In People v Burgos-Santos: Order affirmed.

 People v Sandoval, 34 NY2d 371 (1974).