■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KAWON TAYLOR, Appellant. [745 NYS2d 477] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ruchelsman, J.), rendered November 10, 1999, convicting him of attempted robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and a new trial is ordered.

The trial court erred in allowing the prosecution to repeatedly cross-examine the defendant regarding information contained in his notice of alibi, since that notice did not contain any statements made by the defendant and was merely a document prepared by defense counsel pursuant to statute (see CPL 250.20; *People v Nelu,* 157 AD2d 864).

While many of the defendant's objections regarding comments made by the prosecution during summation were not properly preserved for appellate review, under the circumstances of this case we will nonetheless review the subject claims in the exercise of our interest of justice jurisdiction (see CPL 470.15 [6] [a]).

Here, the challenged remarks made by the prosecution during summation constituted reversible error, as the remarks exceeded the "broad bounds of rhetorical comment permissible in closing argument" (*People v Galloway,* 54 NY2d 396, 399) to the extent that the prosecution distorted the facts in evidence and made comments which were either inflammatory, speculative, or concerned matters not in evidence (see *People v Ashwal,* 39 NY2d 105).

The prosecution consistently disregarded the Supreme Court's sustained objections by continuing its line of improper questioning during cross-examination (see *People v Stewart,* 92 AD2d 226). Accordingly, a new trial is ordered.

In light of our determination, we need not address the defendant's remaining contention. S. Miller, J.P., Krausman, Goldstein and Cozier, JJ., concur. [*See,* 182 Misc 2d 662.]