■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMAL MASSIE, Appellant. [757 NYS2d 742] —Judgment, Supreme Court, New York County (Renee White, J.), rendered February 22, 2000, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing him to a term of eight years, unanimously affirmed.

The court properly ruled that defendant's proposed inquiry into a pretrial photographic identification would open the door to testimony regarding untainted and attenuated lineup identifications that had been suppressed solely on right to counsel grounds (see People v Melendez, 55 NY2d 445 [1982]). Defendant sought to establish that the witnesses' in-court identifications were the product of an allegedly suggestive photo identification. Accordingly, the People were entitled to introduce a lineup identification, conducted several months later, that was free of the photo identification's alleged defects.

Otherwise, defendant's proposed inquiry would have created misleading impressions (*see People v Mahone*, 206 AD2d 263 [1994], *lv denied* 84 NY2d 869 [1994]). In any event, defendant has not established that the photo identification was critical to his defense or that his inability to introduce it without opening the door to the lineup deprived him of a fair trial.

Although some of the prosecutor's summation comments could be perceived as vouching for the credibility of the witnesses, even if improper, they did not deprive defendant of a fair trial (*see People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]). Defendant's remaining challenges to the prosecutor's summation are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find the challenged remarks to be fair comment on the evidence in response to the defense summation (*see People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]). Concur—Tom, J.P., Andrias, Sullivan, Rosenberger and Friedman, JJ.