**Rosemary THOMPSON, Petitioner,**

v.

**Elaine LORD, Superintendent, Bedford Hills Correctional Facility, Respondent.**

No. 03–CV–1857(ADS).

United States District Court, E.D. New York.

June 29, 2004.

Rosemary Thompson, # 00–G–0473, Bedford Hills, NY, Petitioner, pro se.

Thomas J. Spota, Suffolk County District Attorney by Steven A. Hovani, Assistant District Attorney, Riverhead, NY, for Respondent.

### MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

Rosemary Thompson ("Thompson"), appearing *pro se*, petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the Court denies Thompson's petition.

### BACKGROUND

On June 3, 1999, Rosemary Thompson stabbed her boyfriend Albert Carpenter ("Carpenter") with a knife at her daughter's home in Wyandanch, New York. Thompson, who had been drinking and was an intravenous drug user, claimed that Carpenter "scared" her into thinking he was going to drive while drunk. When he refused to give her the car keys, Thompson stabbed him. Thompson did not call for help or dial 911, and Carpenter subsequently died of his injuries.

On March 8, 2000, before the Honorable Charles Cacciabaudo of the County Court of Suffolk County, Rosemary Thompson pled guilty to Manslaughter in the First Degree in violation of New York Penal Law § 125.20. On March 21, 2000, Thompson pled guilty to Aggravated Unlicensed Operation of a Motor Vehicle in the First Degree in violation of New York Penal Law § 511. Her guilty pleas were in full satisfaction of the indictment. On April 5, 2000, Judge Cacciabaudo sentenced Thompson to a determinate term of thirteen years imprisonment for her manslaughter conviction and a term of one to

three years in prison for her aggravated unlicensed operation conviction, to be served concurrently.

Thompson directly appealed her convictions, arguing that her sentence was unduly harsh and excessive, particularly in light of her HIV status. On July 15, 2002, the Appellate Division, Second Department affirmed Thompson's sentences. *People v. Thompson*, 296 A.D.2d 874, 745 N.Y.S.2d 477 (2d Dept.2002). On November 20, 2002, the New York Court of Appeals denied her leave to appeal. *People v. Thompson*, 99 N.Y.2d 540, 752 N.Y.S.2d 601, 782 N.E.2d 579 (2002). Thompson did not seek certiorari review before the United States Supreme Court or file any other post-conviction motions.

On April 14, 2003, Rosemary Thompson filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, arguing that her sentence was unduly harsh and excessive and that her sentence is essentially a "life sentence" because of her HIV and Hepatitis C status.

### DISCUSSION

█ It is well-established that an excessive sentence claim will not prevail as a ground for habeas corpus relief if the imposed sentence was within the limits prescribed by state law. *See White v. Keane*, 969 F.2d 1381, 1383 (2d Cir.1992) (holding that a state prisoner who was sentenced within the limits of the state law does not present a federal constitutional issue for habeas purposes); *Richardson v. Artuz*, No. 97–CV–2128 (JG), 2004 WL 556688 at *22 (E.D.N.Y. Mar.22, 2004) (finding that because a state prisoner's sentence fell within the range authorized by New York Penal Law, it "does not qualify for consideration as excessive under the Eighth Amendment").

█ Rosemary Thompson was convicted of Manslaughter in the First Degree, a class B felony, in violation of New York Penal Law § 125.20. Under New York Penal Law § 70.00, the minimum sentence for a class B felony "shall be not less than one year nor more than one-third of the maximum sentence" and the maximum sentence is twenty-five years imprisonment. In accordance with her plea bargain, Thompson received a determinate prison sentence of thirteen years, which falls squarely within the range prescribed by state law. As to her conviction for Aggravated Unlicensed Operation of a Motor Vehicle in the First Degree, a class E felony, the Court notes that this sentence of one to three years also falls with the limits prescribed by the New York Penal Law.

The Court is sympathetic to Ms. Thompson's HIV and Hepatitis C status and acknowledges her many achievements while in prison, including a high school equivalency diploma, attending an anti-violence program, and her certificate for completion of training as a HIV Test Counselor. All of these admirable traits may stand her in good stead in other avenues that may be available to her.

Nevertheless, the trial court was within its discretion to impose these sentences, and therefore, Thompson fails to raise a federal constitutional issue to warrant habeas relief. Accordingly, the Court denies Thompson's excessive sentence claim.

### CONCLUSION

For the reasons stated above, Rosemary Thompson's petition for a writ of habeas corpus is DENIED. Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure and 28 U.S.C. § 2253(c)(2), a certificate of appealability is DENIED, as Thompson has not made a substantial showing of a denial of a constitutional

right. *Miller–El v. Cockrell,* 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003).

The Clerk of the Court is directed to close this case.

**SO ORDERED.**