Judgment, Supreme Court, Bronx County (Peter J. Benitez, J.), rendered November 22, 2013, convicting defendant, after a jury trial, of attempted murder in the second degree, assault in the first degree and criminal possession of a weapon in the second degree, and sentencing him to an aggregate term of 18 years, unanimously affirmed.
 

 The verdict was supported by legally sufficient evidence, and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury’s credibility determinations. There was ample evidence to support the inference that defendant shot the victim, and was not merely present. The evidence showed that defendant punched the victim, who was fighting with an acquaintance of defendant, that the victim was then shot on his right side, consistent with where defendant would have been standing if he fired the shot, that the victim’s then-girlfriend shouted that defendant had shot the victim, that defendant then handed a revolver to a friend at the scene, and that his DNA was found on the weapon, whereas the DNA of other bystanders, including the man initially charged with the shooting, was not.
 

 The testimony and descriptions in the relevant documents regarding the three DNA swabs, based on the area of the revolver swabbed, the voucher number, and the Evidence Unit number, sufficed to establish a chain of custody, and provided reasonable assurances as to the identity and unchanged condition of that evidence, notwithstanding the unavoidable destruction of the packaging for the swabs by the time of trial (see People v Julian, 41 NY2d 340, 342-343 [1977]; see also People v Hawkins, 11 NY3d 484, 494 [2008]).
 

 The portions of the prosecutor’s summation that defendant challenges as alluding to facts not proven at trial were fair comments on the evidence and reasonable inferences to be drawn therefrom, and they did not deprive defendant of a fair trial (see People v Overlee, 236 AD2d 133 [1st Dept 1997], lv denied 91 NY2d 976 [1998]; People v D’Alessandro, 184 AD2d 114, 118-119 [1st Dept 1992], lv denied 81 NY2d 884 [1993]). Defendant’s remaining challenges to the summation are unpreserved, and we decline to review those claims in the interest of justice. As an alternative holding, we likewise find no basis for reversal. To the extent that there were any improprieties, they did not deprive defendant of a fair trial.
 

 Defendant waived his claim that the court should have conducted individual inquiries of the jurors regarding the possible effect of news accounts of an assault that, like the case on trial, involved motorcyclists, but was otherwise unrelated. Defense counsel declined the court’s offer to conduct individual inquiries, and instead approved of the court’s jury instruction on this subject, which was sufficient to avoid any prejudice.
 

 We perceive no basis for reducing the sentence.
 

 Concur— Richter, J.P., Webber, Kern and Moulton, JJ.