People v Sulker (2020 NY Slip Op 51275(U))

[*1]

People v Sulker (Jimmy)

2020 NY Slip Op 51275(U) [69 Misc 3d 135(A)]

Decided on November 2, 2020

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 2, 2020
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Higgitt, McShan, JJ.

570104/19

The People of the State of New York,
Respondent,
against
Jimmy Sulker, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Curtis Farber, J.), rendered December 1, 2017, after a jury trial, convicting him of
forcible touching, and imposing sentence.

Per Curiam.
Judgment of conviction (Curtis Farber, J.), rendered December 1, 2017, affirmed.
The verdict convicting defendant of forcible touching (see Penal Law §
130.52[1]) was supported by legally sufficient evidence and was not against the weight of the
evidence (see People v Danielson, 9
NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility
determinations. The victim's testimony, as corroborated by two plainclothes police officers who
witnessed the incident, established that defendant positioned himself directly behind the victim
on a subway train and then repeatedly pressed his groin into her buttocks, moving from side to
side. When the victim attempted to step away from defendant, he repositioned himself so that he
could continue to press his groin against her buttocks. The jury could rationally infer that
defendant's conduct was for the purpose of sexual gratification as defined by Penal Law §
130.00(3) (see People v Wagner, 72
AD3d 1196, 1197 [2010], lv denied 15 NY3d 779 [2010]) and was not inadvertent
(see People v Kader, 62 Misc 3d
143[A], 2019 NY Slip Op 50110[U] [App Term, 1st Dept 2019], lv denied 33 NY3d
950 [2019]; People v Nazim, 55
Misc 3d 129[A], 2017 NY Slip Op 50379[U][App Term, 1st Dept 2017], lv denied
29 NY3d 1084 [2017]). 
Most of defendant's challenges to the prosecutor's summation were unpreserved, whether by
virtue of defendant's failure to object, his generalized objections, or his failure to request further
relief after the court took curative action, and we decline to review them in the interest of justice.
As an alternative holding, we find no basis for reversal. The bulk of the challenged remarks were
either fair responses to defense counsel's arguments on summation or fair comment on the
evidence, and any isolated improprieties were not so egregious as to deprive defendant of a fair
trial (see People v Garland, 155
AD3d 527, 529 [2017], affd 32 NY3d 1094 [2018], cert [*2]denied ___ US ___, 140 S Ct 2525 [2020]; People v Feola, 154 AD3d 638,
639 [2017], lv denied 31 NY3d 1013 [2018]), particularly when viewed in light of the
overwhelming evidence of guilt (see People v Crimmins, 36 NY2d 230 [1975]; People v Crum, 184 AD3d 454
[2020], lv denied 35NY3d 1065 [2020]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: November 2, 2020