People v Martinez (2021 NY Slip Op 51215(U))

[*1]

People v Martinez (Justin)

2021 NY Slip Op 51215(U) [73 Misc 3d 143(A)]

Decided on December 20, 2021

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 20, 2021
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Hagler, Silvera, JJ.

570413/19

The People of the State of New York,
Respondent,
against
Justin Martinez, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx
County (Jeffrey Rosenbleuth, J.), rendered May 16, 2019, after a jury trial, convicting him of
assault in the third degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Jeffrey Rosenbleuth, J.), rendered May 16, 2019, affirmed.
Defendant's claim that the evidence was legally insufficient to disprove his justification
defense is unpreserved, and we decline to review it in the interest of justice. As an alternative
holding, we find that the verdict was supported by legally sufficient evidence and was not against
the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). Issues
of credibility concerning defendant's justification defense and the circumstances under which he
inflicted the injuries to complainant, his father, were properly presented to the jury, which saw
and heard the witnesses, and we see no reason to disturb its findings. The nature of the injuries
and the surrounding circumstances provided ample evidence that defendant intended to cause
physical injury when he repeatedly punched complainant with a closed fist. Contrary to
defendant's contention, the complainant's account of the incident was neither unreliable nor
implausible and evidence properly credited by the jury disproved defendant's justification defense
beyond a reasonable doubt (see People v Petty, 7 NY3d 277 [2006]). 
By failing to make objections or request further relief after the court took curative action,
defendant failed to preserve most of his challenges to the prosecutor's summation, and we decline
to review them in the interest of justice. As an alternative holding, there is no basis for reversal.
Taken as a whole, the bulk of the challenged remarks were either fair response to defense
counsel's arguments on summation or fair comment on the evidence, and any improprieties were
not so egregious as to deprive defendant of a fair trial (see People v Garland, 155 AD3d 527, 529 [2017], affd 32
NY3d 1094 [2018], cert denied 140 S. Ct. 2525 [2020]; People v Feola, 154 AD3d 638,
639 [2017], lv denied 31 NY3d 1013 [2018]). In any event, the court's curative
instructions were sufficient to prevent any prejudice (see People v Overlee, 236 AD2d
133 [*2][1997], lv denied 91 NY2d 976 [1998]). Nor
could the prosecutor's comments be perceived as vouching for the credibility of the complainant
since those remarks were a permissible comment on a matter of credibility, and the prosecutor
did not become an unsworn witness (see
People v Ringer, 90 AD3d 439, 439-440 [2011], lv denied 18 NY3d 927 [2012];
People v Massie, 305 AD2d 116, 117 [2003], affd 2 NY3d 179 [2004]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: December 20, 2021