People v Woojin Cho (2023 NY Slip Op 50651(U))

[*1]

People v Woojin Cho

2023 NY Slip Op 50651(U) [79 Misc 3d 127(A)]

Decided on July 3, 2023

Appellate Term, First Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on July 3, 2023
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Brigantti, J.P., Michael, James, JJ.

570516/22

The People of the State of New 
 York, Respondent, 
against
Woojin Cho,
Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York,
Bronx County (Audrey E. Stone, J.), rendered July 19, 2022, after a jury trial, convicting
him of forcible touching, sexual abuse in the third degree and harassment in the second
degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Audrey E. Stone, J.), rendered July 19, 2022, affirmed.
Defendant was convicted, after a jury trial, of forcible touching (see Penal
Law § 130.52[1]), third-degree sexual abuse (see Penal Law § 130.55)
and second-degree harassment (see Penal Law § 240.26[1]). The People's
proof was strong and persuasive, and is not now challenged by defendant on sufficiency
or weight of the evidence grounds. Complainant credibly testified that during a
consultation, defendant, a spinal surgeon, asked her if she wanted to be his "sugar baby;"
removed her bra; kissed her on the neck; squeezed her breasts; inserted his fingers into
her vagina, and placed her hand on his erect penis. The complainant's account was
corroborated by other evidence, including a controlled telephone call with police,
wherein defendant told complainant she should be "discreet," that he had many "sugar
daughters," and then giggled and replied "absolutely" when asked by the complainant if
he enjoyed touching her.
By failing to make objections or request further relief after the court took curative
action, defendant failed to preserve most of his challenges to the prosecutor's summation,
and we decline to review them in the interest of justice. As an alternative holding, we
find no basis for reversal. Taken as a whole, the bulk of the challenged remarks were
either fair response to defense counsel's arguments on summation or fair comment on the
evidence, and any improprieties were not so egregious as to deprive defendant of a fair
trial (see People v Garland,
155 AD3d 527, 529 [2017], affd 32 NY3d 1094 [2018], cert denied
— US —, 140 S Ct 2525 [2020]; People v Feola, 154 AD3d 638, 639 [2017], lv denied
31 NY3d 1013 [2018]), including the prosecutor's improper references to defendant
as a "liar" (see People v
Feliciano, 133 AD3d 469, 470 [2015], lv denied 27 NY3d 1150 [2016]).
In any event, the court's curative instructions were sufficient to prevent any prejudice
(see People v Overlee, 236 AD2d 133 [1997], lv denied 91 NY2d 976
[1998]). Nor could the prosecutor's comments be perceived as vouching for the
credibility of the complainant, since those remarks were a permissible comment on a
matter of credibility, and the prosecutor did not become an unsworn witness (see People v Ringer, 90 AD3d
439, 439-440 [*2][2011], lv denied 18 NY3d
927 [2012]; People v Massie, 305 AD2d 116, 117 [2003], affd 2 NY3d
179 [2004]).
The evidentiary rulings challenged on appeal, to the extent preserved, were provident
exercises of the court's discretion that did not cause defendant any prejudice. The court
properly exercised its discretion in limiting defendant's use of leading questions on direct
examination (see People v
Martina, 48 AD3d 1271, 1272 [2008]). Nor was defendant denied a fair trial
when the court precluded the testimony of defendant's secretary, who was not present
during the controlled call and had no direct knowledge of the facts (see People v
Scarola, 71 NY2d 769, 777 [1988]). Finally, the testimony of complainant and a
physician's assistant at Jacobi Hospital - that the complainant ingested 15-20 tablets of a
prescription medication for pain management and anxiety immediately after defendant's
conduct, resulting in her hospitalization because she felt upset and "very sad" - was
probative of complainant's lack of consent and not unduly prejudicial (see People v Frumusa, 29
NY3d 364, 372 [2017]). In any event, even assuming the trial court erred in
admitting the challenged evidence or precluding testimony, any error was harmless in
light of the overwhelming evidence of defendant's guilt (see People v Crimmins,
36 NY2d 230 [1975]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: July 3, 2023