People v Santos (2025 NY Slip Op 50200(U))

[*1]

People v Santos (Andres)

2025 NY Slip Op 50200(U) [85 Misc 3d 131(A)]

Decided on February 18, 2025

Appellate Term, First Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on February 18, 2025

SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Brigantti, J.P., James, Perez, JJ.

570624/19

The People of the State of New
York, Respondent,

against

Andres Santos Santos,
Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York,
Bronx County (Jeffrey Rosenblueth, J.), rendered August 27, 2019, after a jury trial,
convicting him of aggravated driving while intoxicated and driving while intoxicated,
and imposing sentence.

Per Curiam.

Judgment of conviction (Jeffrey Rosenblueth, J.), rendered August 27, 2019,
affirmed.

The verdict was based on legally sufficient evidence and was not against the weight
of the evidence. There is no basis for disturbing the jury's determinations concerning
credibility (see People v Danielson, 9 NY3d 342, 348—349 [2007]). The
evidence established beyond a reasonable doubt that defendant operated a motor vehicle
while intoxicated. Defendant was behind the steering wheel of the vehicle that was
stopped with the engine running in a "no standing" zone (see People v Alamo, 34
NY2d 453, 458-459 [1974]; People v Almanzar, 113 AD3d 527 [2014], lv denied
23 NY3d 1059 [2014]). He also admitted to the officer that he consumed three
alcoholic beverages; and defendant exhibited classic signs of intoxication, including
bloodshot and watery eyes, slurred speech, and a strong odor of alcohol on his breath
(see People v Cruz, 48 NY2d 419, 427 [1979]). Furthermore, the Intoxilyzer
9000 breath test device measured his blood alcohol content at .20 (see People v
DeMarasse, 85 NY2d 842, 845 [1995]; People v Mertz, 68 NY2d 136, 139
[1986]).

Defendant's contention that the prosecutor made improper comments during
summation is unavailing. Taken as a whole, the bulk of the challenged remarks were
either fair response to defense counsel's arguments or fair comment on the evidence, and
any improprieties were not so egregious as to deprive defendant of a fair trial (see People v Garland, 155
AD3d 527, 529 [2017], affd 32 NY3d 1094 [2018], cert denied
 US , 140 S Ct 2525 [2020]; People v Feola, 154 AD3d 638, 639 [2017], lv denied
31 NY3d 1013 [2018]). Contrary to defendant's contention, the prosecutor was not
shifting the burden, but permissibly making an evidence-based argument in response to
the defense summation (see
People v Green, 105 AD3d 611, 612 [2013], lv denied 21 NY3d 1015
[2013]). Nor could the prosecutor's comments be [*2]perceived as vouching for the credibility of the arresting
officer, since the prosecutor made fair arguments as to why witnesses should be believed,
remarks that were a permissible comment on a matter of credibility, and the prosecutor
did not become an unsworn witness (see People v Ringer, 90 AD3d 439, 439-440 [2011], lv
denied 18 NY3d 927 [2012]; People v Massie, 305 AD2d 116, 117 [2003],
affd 2 NY3d 179 [2004]). In any event, the court's curative instructions were
sufficient to prevent any prejudice (see People v Overlee, 236 AD2d 133 [1997],
lv denied 91 NY2d 976 [1998]). To the extent there were any improprieties, any
error was harmless in light of the overwhelming evidence of guilt (see People v
Crimmins, 36 NY2d 230 [1975]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

I concur I concur I concur
Decision Date: February 18, 2025